OPINION
{¶ 1} On July 2, 2003, appellant, Joseph Williard, was stopped by several deputies from the Coshocton County Sheriff's Department. Upon exiting his vehicle, appellant fled the scene. Deputy Nicholas Strasser chased appellant. After Deputy Strasser caught up to appellant, a struggle ensued and Deputy Strasser was struck in the mouth, cutting his lip.
 {¶ 2} On October 21, 2003, the Coshocton County Grand Jury indicted appellant for assault in violation of R.C. 2903.13. A bench trial commenced on March 4, 2004. The trial court found appellant guilty, and journalized its finding via judgment entry filed March 22, 2004. By judgment entry filed April 16, 2004, the trial court sentenced appellant to three years of community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "Defendant-appellant received ineffective assistance of counsel."
 II {¶ 5} "The trial court failed to inform defendant-appellant that a violation of his community control sanctions would result in a specific term of imprisonment."
 I {¶ 6} Appellant claims he was denied the effective assistance of trial counsel which prejudiced his right to a fair trial. We disagree.
 {¶ 7} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following:
 {¶ 8} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 9} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 10} Appellant argues his trial counsel was deficient in failing to introduce a letter he had authored and had sent to Deputy Strasser, and in agreeing that resisting arrest was a lesser included offense of assault.
 {¶ 11} Deputy Strasser testified that appellant wrote him a letter and he paraphrased the letter as follows:
 {¶ 12} "A. I believe on July 22nd I received a letter in the mail at my previous address from Mr. Williard.
 {¶ 13} "Q. All right.
 {¶ 14} "A. Addressed to me. Stating his apologies for the incident. I believe it stated, `I apologize for striking you. If I struck you, I didn't mean to strike you.' It was pretty much roundabout way." T. at 34.
 {¶ 15} The thrust of defense counsel's cross-examination of Deputy Strasser was to imply that appellant's actions were unintentional. T. at 35-36. Deputy Strasser's testimony established that appellant apologized and did not realize that he had assaulted the deputy, permitting appellant to have his defense heard by the jury without having to personally testify. We find the failure to have the letter subpoenaed or marked did not prejudice the outcome of the case because the contents of the letter were offered by Deputy Strasser.
 {¶ 16} We acknowledge that resisting arrest is not a lesser included offense of assault on a police officer, and it was error to so charge the jury. State v. Ridley (October 27, 1997), Stark App. No. 1997CA00098. Such a stipulation by defense counsel did not substantially affect the outcome of the case or prejudice appellant because he was not convicted of the non-indicted offense.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellant claims the trial court failed to inform him that a violation of his community control sanction would result in a specific sentence.
 {¶ 19} We agree the sentence does not conform to the mandates of R.C. 2929.19(B)(5) which states the following:
 {¶ 20} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 21} In State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, ¶ 29, the Supreme Court of Ohio stated the following:
 {¶ 22} "For all the foregoing reasons, we hold that pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."
 {¶ 23} However, appellant's community control has not been revoked and the trial court has not attempted to sentence appellant to any prison time. We therefore conclude this assignment of error is premature.
 {¶ 24} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.