Moyer, C.J.,
dissenting.
{¶ 21} R.C. 2929.19(B)(5) requires a trial court to state at the sentencing hearing the specific prison term that may be imposed for the violation of a community control sanction. R.C. 2929.15(B) restates this requirement as it explains how a trial court may respond to a community control violation. If a trial court sentences an offender to a community control sanction and does not specify at the sentencing hearing a possible prison term that may be imposed for violation of the sanction, a court may not impose a prison term upon a violating offender. R.C. 2929.15(B); State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus. That section of the statute is consistent with the purpose of 1996 Am.Sub.S.B. No. 2 to provide “truth in sentencing.” 146 Ohio Laws, Part IV, 7136. All parties and the victim of the crime are to know at the time of sentencing the precise sanction, whether it is prison or community control, that the court is imposing on the defendant.
{¶ 22} In the instant case, the trial court notified Fraley of the specific prison term that could be imposed for a violation of his community control sanction at his third community-control-violation hearing. The majority holds that this notification satisfied R.C. 2929.19(B)(5), concluding that each hearing that follows a violation of community control is a new sentencing hearing. Because I believe that community-control-violation hearings are not sentencing hearings, I dissent.
{¶ 23} As the majority relates, R.C. 2929.15(B) specifies the procedures that a trial court must follow when a felony offender has violated the conditions of a community control sanction. The General Assembly could have required trial courts to conduct full sentencing hearings, pursuant to the detailed requirements of R.C. 2929.19. Instead, it enacted R.C. 2929.15(B), which merely specifies that when an offender has violated a condition of community control, a court may *20 impose a longer time under the same sanction, a more restrictive sanction, or a prison term. The majority is correct when it says that “relevant sentencing statutes” apply at community-control-violation hearings. But those relevant sentencing statutes require only that the trial court comply with the purposes of felony sentencing and not be discriminatory, pursuant to R.C. 2929.11, and that the imposition of a prison term comply with the strictures of R.C. 2929.13 and 2929.14. The application of these basic principles of felony sentencing in an R.C. 2929.15(B) hearing does not transform that proceeding into an R.C. 2929.19 sentencing hearing.
{¶ 24} We must give meaning to the words of R.C. 2929.19(B)(5) and 2929.15(B) as they are written. Funk v. Rent-All Mart, Inc. (2001), 91 Ohio St.3d 78, 80, 742 N.E.2d 127. R.C. 2929.15(B) prohibits the trial court from imposing a prison term greater than “the prison term specified in the notice provided to the offender at the sentencing hearing.” (Emphasis added.) R.C. 2929.15(B) contains no language signifying that a community-control-violation hearing is a sentencing hearing. Therefore, I do not believe that the notification of the specific prison term by the trial court at Fraley’s third community-control-violation hearing can cure the error of not advising Fraley pursuant to R.C. 2929.19(B)(5) at his sentencing hearing. In view of this failure, the trial court was not permitted to impose a prison term upon Fraley. This application of the statute is consistent with the attempt by the General Assembly to create a felony-sentencing scheme that complies with the principle of “truth in sentencing.”
{¶ 25} I would affirm the judgment of the court of appeals.