OPINION
{¶ 1} Defendant-appellant, Kenneth L. Holton ("appellant"), appeals the sentence imposed upon him by entry of the Franklin County Court of Common Pleas journalized on June 22, 2004. For the reasons that follow, we reverse the judgment and remand this case for resentencing.
 {¶ 2} On January 10, 2003, appellant was indicted on five counts of forgery, felonies of the fifth degree, in violation of R.C. 2913.51. On September 22, 2003, appellant entered guilty pleas to counts three and four of the indictment. The court entered a nolle prosequi as to each remaining count. In the case at bar, on February 20, 2004, appellant was sentenced to three years of community control with intensive supervision, was assigned to the chemical dependency case load and ordered to pay restitution to the Huntington Bank. Neither its judgment entry of February 23, 2004, nor at the time of sentencing, did the court specifically inform the appellant of a specific prison term it may impose if appellant violated the court's community control sanctions.
 {¶ 3} On June 18, 2004, appellant was before the court for a community control revocation hearing. Appellant stipulated to probable cause and to the violations alleged. Upon resentencing, the court imposed the maximum sentence of one year of incarceration on each count and ordered said terms to be served consecutively.
 {¶ 4} It is from this sentence, that appellant raises the following single assignment of error:
The trial court erred when it sentenced Appellant to prison after a violation of community control sanctions when the court, at the time of the original sentencing hearing, did not specify what sentence Appellant would receive upon a violation of the terms of community control.
 {¶ 5} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837, paragraph two of the syllabus, the Supreme Court of Ohio held:
Pursuant to R.C. 2929.19(B)(5), and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.
 {¶ 6} The State of Ohio concedes that the court did not provide the requisite notice of a specific prison term which would be imposed for a violation of community control and concedes error by the trial court in imposing a prison term at the second sentencing hearing.
 {¶ 7} Upon review of the record, this court finds that the trial court did not notify appellant of the required notification as to the specific prison term that may be imposed in the event of a subsequent violation of community control sanctions. Therefore, on the authority of Brooks, the trial court's judgment is reversed and this matter is remanded for resentencing consistent with this opinion.
Judgment reversed and remanded.
Bryant and Petree, JJ., concur.