THE STATE OF OHIO, APPELLEE, *v.* BROOKS, APPELLANT.

[Cite as *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746.]

(No. 2003–1380—Submitted March 30, 2004—Decided September 22, 2004.)

ALICE ROBIE RESNICK, J.

### I.  Facts and Procedural History

{¶ 1} On October 10, 2001, defendant-appellant, Ronald J. Brooks, pled guilty to a felony of the fifth degree.  At the combined plea and sentencing hearing, appellant was informed, pursuant to Crim.R. 11(C)(2)(a), that the maximum sentence for a fifth-degree felony is 12 months' incarceration.  After accepting

appellant's plea, the trial court sentenced appellant to a term of two years of community control with conditions, his plea-bargained sentence. See R.C. 2929.19(B)(5) and 2929.15. The trial court at that time did not notify appellant of the prison term that would be imposed if he violated the terms of his community control. In a journal entry filed the next day, the trial court noted that violation of the conditions could lead to "a prison term of 6 to 12 months."

{¶ 2} On November 14, 2002, appellant pled guilty to violating the conditions of his community control and was sentenced to eight months in prison. See R.C. 2929.15(B) and 2929.14. At that hearing, appellant's attorney argued to the trial court that appellant could not be sentenced for this violation because the trial court at the original October 10, 2001 sentencing failed to inform appellant under R.C. 2929.19(B)(5) of the "specific prison term" that may be imposed for such a violation. The trial court rejected this argument.

{¶ 3} The Court of Appeals for the Ninth District affirmed the judgment of the trial court and upheld appellant's sentence. Finding its judgment in conflict with the judgments of the Fourth District Court of Appeals in *State v. McPherson* (2001), 142 Ohio App.3d 274, 755 N.E.2d 426, and *State v. Grodhaus* (2001), 144 Ohio App.3d 615, 761 N.E.2d 80; the judgment of the First District in *State v. Giles*, Hamilton App. No. C–010582, 2002-Ohio-3297, 2002 WL 1393559; and the judgment of the Second District in *State v. Bradley*, 151 Ohio App.3d 341, 2003-Ohio-216, 784 N.E.2d 134, the court of appeals granted appellant's motion to certify a conflict. The cause is now before this court upon our determination that a conflict exists.

## II. R.C. 2929.15(B) and 2929.19(B)(5)

{¶ 4} The issue certified for our review is "[W]hether or not R.C. 2929.15[B], second sentence, read *in pari materia* with R.C. 2929.19(B)(5), second sentence, requires that a court sentencing a defendant to a community control sanction must, at the time of such sentencing, notify the defendant of the specific prison term it may impose for a violation of such sanction, as a prerequisite to imposing a prison term on the defendant for such a violation." 100 Ohio St.3d 1407, 2003-Ohio-4948, 796 N.E.2d 535.

{¶ 5} The parties agree that appellant has served the term of imprisonment imposed by the trial court for his violation of community control and that the certified issue therefore is moot as to appellant. However, we find that the situation before us is capable of repetition yet evading review, and we therefore proceed to consider the certified issue. See *Adkins v. McFaul* (1996), 76 Ohio St.3d 350, 350–351, 667 N.E.2d 1171; *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 307, 681 N.E.2d 430. Furthermore, as our decision to recognize the certified conflict indicates, this case raises an issue of public importance and general interest.

{¶ 6} This appeal concerns two statutes and implicates other sentencing statutes within R.C. Chapter 2929. R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at an R.C. 2929.19 sentencing hearing, "the court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and *shall indicate the specific prison term that may be imposed as a sanction for the violation,* as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)

{¶ 7} R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court that are mentioned in R.C. 2929.19(B)(5) and further provides that if an offender violates the conditions and the court chooses to impose a prison term under R.C. 2929.14, the prison term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) [sic, (B)(5)] of section 2929.19 of the Revised Code."

{¶ 8} We begin by agreeing with those courts that have found that, when a trial court judge gives no notice whatsoever under R.C. 2929.19(B)(5) to an offender being sentenced to community control of any prison term that may be imposed if the conditions of community control are violated, a prison term may not be imposed for violation of the conditions. See, e.g., *State v. Jones,* 7th Dist. No. 02 HA 547, 2003-Ohio-5152, 2003 WL 22231899, ¶ 24 (although appellate courts disagree over the exactness with which trial courts must comply with R.C. 2929.19[B][5], all appellate courts agree that some notification under the statute must occur).

{¶ 9} This case requires us to consider the extent of notification required under R.C. 2929.19(B)(5) and the point at which that notification must be given. The decisions of Ohio courts of appeals are in conflict over precisely how trial court judges must comply with R.C. 2929.19(B)(5) in sentencing an offender to a term of community control.

{¶ 10} As illustrated by the four cases named by the court of appeals as being in conflict with its decision, some appellate districts have held that a trial court must strictly comply with R.C. 2929.19(B)(5) and that anything less than strict compliance requires reversal of any prison term later imposed under R.C. 2929.15(B) for the offender's violation of community control conditions. See, e.g., *Grodhaus,* 144 Ohio App.3d 615, 761 N.E.2d 80.

{¶ 11} Other courts of appeals have allowed a trial court judge some leeway in complying with R.C. 2929.19(B)(5) and in informing an offender of the "specific prison term" that may be imposed if the offender violates community control. See, e.g., *State v. Housley,* 12th Dist. No. CA2002–07–060, 2003-Ohio-2223, 2003 WL 2012623.

### III. Elements of Statutory Compliance

{¶ 12} Before considering substantial compliance, we first examine the elements of full compliance under R.C. 2929.19(B)(5).

{¶ 13} There are two main variables to examine in evaluating a trial court's compliance with the notification requirement of R.C. 2929.19(B)(5). The first is, when was the notification given (e.g., at a plea hearing, at the sentencing hearing, in a journal entry, or at some other point)? The second is, exactly what language did the trial court use in the notification? For example, did the trial court affirmatively and explicitly notify the offender of a specific number of months or years the offender would face if community control conditions were violated, or did the court simply notify the offender that he or she would get "the maximum"? Did the court give the offender a range of possible terms such as "six to twelve months," or tell the offender that he or she faced "up to" a particular length of time, such as "up to twelve months"? Or did it use some other language to convey the term faced?

### A. Time of Notification

{¶ 14} This court recently considered whether a trial court imposing consecutive sentences, or imposing a nonminimum sentence on a first offender, must fulfill certain statutory sentencing obligations at the sentencing hearing, or whether the court may choose to fulfill those requirements either at the sentencing hearing or in a written journal entry. *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. This court held that when imposing consecutive sentences, a trial court must make its findings under R.C. 2929.14(E)(4) and give reasons supporting the findings under R.C. 2929.19(B)(2)(c) at the sentencing hearing. Id. at paragraph one of the syllabus. This court also held that when imposing a nonminimum sentence on a first offender, a trial court must make its findings under R.C. 2929.14(B) at the sentencing hearing. Id. at paragraph two of the syllabus.

{¶ 15} The reasoning in *Comer* applies in considering when the trial court must provide the notification required under R.C. 2929.19(B)(5) in sentencing an offender to community control. Accordingly, we hold that, pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing.

{¶ 16} The state, recognizing *Comer*'s impact on this question, has conceded that the journal entry in this case did not impart the statutorily required notification. The state therefore agrees with appellant that R.C. 2929.19(B)(5) was not followed. As the state indicates, the court of appeals focused on the trial court's journal entry, filed after the combined plea and sentencing hearing, to support the trial court's compliance with R.C. 2929.19(B)(5). The court of appeals' conclusion was incorrect.

{¶ 17} Furthermore, in light of our explicit holding based on *Comer* that compliance with R.C. 2929.19(B)(5) must come at the sentencing hearing, we find that notification generally is deficient when the trial court's statement to an offender of a possible term of imprisonment occurs at a plea hearing and is not repeated at a later sentencing hearing. See *State v. Larson*, 12th Dist. No. CA–2003–07–059, 2004-Ohio-700, 2004 WL 292094, ¶ 12 ("R.C. 2929.19[B][5] expressly calls for notice to be provided at sentencing and not at a plea hearing or in the sentencing entry").[1]

{¶ 18} Given the above, notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5). Nor do statements made to an offender at a separate plea hearing. However, in some cases, as will be discussed later, the statements made at the plea hearing or other notifications to the offender *may* be used to clarify or supplement what is said later at the sentencing hearing to the offender.

### B. Language Used in Notifying

{¶ 19} Having established that the statutory scheme envisions the sentencing hearing itself as the time when the notification must be given, we next consider what language the trial court should use. By choosing the word "specific" in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as "twelve months' incarceration," if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive "the maximum," or a range, such as "six to twelve months," or some other indefinite term, such as "up to 12 months." The judge is required to notify the offender of the "specific" term the offender faces for violating community control.

---

1. We recognize that in this case, the trial court proceeded to sentence appellant immediately after the plea hearing was held. In this situation, we see no reason to consider the plea hearing and sentencing hearing to be two separate hearings for purposes of R.C. 2929.19(B)(5).

{¶ 20} If the conditions of community control are violated, R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender. R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation. It should be noted that, in addition to a sentencing proceeding under R.C. 2929.15(B), a violation of the conditions may give rise to a separate prosecution as an offense in its own right.

{¶ 21} A legitimate concern raised by the statutory procedure is that, while R.C. 2929.19(B)(5) requires the judge to state the "specific term" the offender faces in the event of a violation, that term is not necessarily what the offender will receive if a violation occurs. When the trial court first imposes the conditions for community control, the court has no way of predicting what the violation might be. Recognizing that community control violations can range from relatively minor to very major and that the conditions imposed vary greatly depending upon the facts of each case, R.C. 2929.15(B) gives the trial judge wide discretion when sentencing a violator.

{¶ 22} Under R.C. 2929.15(B), the trial court may impose (1) a longer time of community control under the same sanction, (2) a more restrictive sanction, thereby changing the conditions of community control, or (3) a prison term. If the trial judge chooses a prison term, the term imposed may not exceed the term the offender was originally notified of under R.C. 2929.19(B)(5). Because the trial judge is not required to choose a prison term under R.C. 2929.15, it follows that the trial judge could choose to impose a lesser term of imprisonment than the one the offender was informed of under R.C. 2929.19(B)(5).

{¶ 23} R.C. 2929.19(B)(5) notification is meant to put the offender on notice of the *specific* prison term he or she faces if a violation of the conditions occurs. However, from the trial court's perspective, the notice does little more than set a ceiling on the potential prison term, leaving the court with the discretion to impose a lesser term than the offender was notified of when a lesser term is appropriate. As the court of appeals did in the instant case, some courts have focused on this factor to support a substantial-compliance approach to the "specific prison term" notification requirement of R.C. 2929.19(B)(5). See, e.g., *Housley*, 2003-Ohio-2223, 2003 WL 2012623, ¶ 14 (finding no prejudice to the offender for less than literal compliance). Even though the state in this case has conceded that the notice given did not comply with R.C. 2929.19(B)(5) due to its timing, the state supports the substantial-compliance approach taken by the court of appeals below and by other courts.

IV. Reasons for Strict Compliance

{¶ 24} While we recognize the statutory complexities that have caused some courts to reject a strict-compliance view of R.C. 2929.19(B)(5) as overly literal, we

cannot accept a substantial-compliance interpretation. The General Assembly has explicitly set forth the "specific prison term" requirement and has used the word "shall" to indicate the mandatory nature of the provision. What the statute requires is clear, although reasonable minds could differ on how important this requirement is in the grand scheme of R.C. Chapter 2929. We will not interpret such a clear statute to mean anything other than what it unmistakably states. See *Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 20 (when the intent of a statute is clear, it must be enforced as written). To do so would be to rewrite a statute that is clear on its face.

{¶ 25} Our interpretation squares with a dominant purpose of current sentencing procedures, truth in sentencing, which aims to eliminate indefinite sentences in favor of specific terms, to increase certainty and predictability in sentencing. See *Woods v. Telb* (2000), 89 Ohio St.3d 504, 508, 733 N.E.2d 1103. The General Assembly has entrusted considerable discretion to trial judges who sentence community control violators under R.C. 2929.15(B), thus seeming to downplay definiteness in sentencing due to the unpredictability of what a violation might be. Despite that discretion, R.C. 2929.19(B)(5)'s "specific term" requirement is clear on its face, and the General Assembly's direction that, at the time of the initial sentencing to community control, the offender should be informed of the definite prison term that awaits if community control is violated is totally consistent with the overall scheme of R.C. Chapter 2929.

{¶ 26} A recurrent scenario involves a trial court that gave notice to the offender under R.C. 2929.19(B)(5) that the trial court would impose "up to" a certain number of months or years for a violation. See, e.g., *Grodhaus,* 144 Ohio App.3d at 616, 761 N.E.2d 80 (trial court failed to comply with R.C. 2929.19[B][5] when court warned offender it would impose "a prison term of up to five years" for a violation of community control); *Housley,* 2003-Ohio-2223 (adequate compliance found when trial court informed the offender it could impose any term up to the five-year maximum). Another typical scenario involves the trial court's informing the offender of a range that the prison term imposed would fall within if the conditions are violated. The trial court's journal entry in this case followed this approach, stating that appellant faced "6 to 12 months" for a violation of community control. As discussed above, this notice was ineffective because it did not occur at the sentencing hearing, but under the court of appeals' general approach to the certified issue, that court would surely have found the same statement sufficient to comply with R.C. 2929.19(B)(5) if it had occurred at the sentencing hearing.

{¶ 27} We determine that because R.C. 2929.19(B)(5) is so clear in requiring that the offender be notified of the specific term that awaits a violation of

community control, the above scenarios simply stray too far from the statutory text to constitute compliance.

{¶ 28} In reviewing the cases, we note that much of the difficulty in complying with R.C. 2929.19(B)(5) has occurred as judges adapt to the new sentencing procedures. While community control is similar to the former concept of probation, there are significant differences between the two. These differences require a trial judge imposing community control to focus with special care on the relevant statutes and not to approach it as a form of probation.

{¶ 29} For all the foregoing reasons, we hold that pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

{¶ 30} We recognize that a trial court could simply inform every offender that he or she will receive whatever definite term is the allowable maximum and thereby retain full discretion in every case to impose that term should the violation of the conditions of community control be serious. For example, in this case, the trial court could have informed the offender at the initial sentencing hearing that if he violated the conditions of his community control, it would impose a "specific term" of 12 months' incarceration, the maximum term allowed for a fifth-degree felony under R.C. 2929.14(A)(5).

{¶ 31} The parties have pointed out nothing in R.C. Chapter 2929 that would explicitly forbid such a practice. However, the intent underlying R.C. 2929.19(B)(5) is obviously for the trial court to predict what the consequences should be for a possible future violation of the conditions and to assign a numbered specific term consonant with its prediction. Even though this prediction is necessarily speculative, a trial court that simply notifies every offender of the maximum term in all cases would not be conscientiously implementing the intent of R.C. Chapter 2929.

{¶ 32} Although this opinion has focused on the necessity of strict compliance with R.C. 2929.19(B)(5) and imparting the statutory notice at the sentencing hearing, there are some situations in which we believe that something less than strict compliance will suffice. One such situation would involve an offender who is informed prior to sentencing (e.g., at a plea hearing) what the specific maximum term would be, and then at sentencing, the trial court definitively states that it will impose "the maximum" prison term if community control is violated, without stating what the maximum is. It would be overly rigid in that case to find that the offender's knowledge of the maximum term for the offense would not satisfy the notice requirement of R.C. 2929.19(B)(5).

{¶ 33} When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing. See R.C. 2953.08(G); *Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 10, 23, 27. In community control sentencing cases in which the trial court failed to comply with R.C. 2929.19(B)(5), however, a straight remand can cause problems. Due to the particular nature of community control, any error in notification cannot be rectified by "renotifying" the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware *before a violation* of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option.[2] In this case, since the prison term has already been served, there will be no remand for resentencing.

{¶ 34} Based on all of the foregoing, the judgment of the court of appeals is reversed.

Judgment reversed.

MOYER, C.J., F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

O'DONNELL, J., concurs in paragraph one of the syllabus only.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 35} Although I concur in paragraph one of the syllabus, I respectfully dissent from paragraph two. I disagree with the majority's holding that R.C. 2929.15(B) and 2929.19(B)(5) require the trial court to notify the offender of the *specific* prison term that may be imposed for a violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a later violation.

---

2. When a trial court sentences an offender who has violated conditions of community control and the defendant did not receive notice of the specific term under R.C. 2929.19(B)(5) so that a prison term is not an option, the trial court at the R.C. 2929.15 sentencing must choose one of the other options under R.C. 2929.15(B) (imposing a longer time under the same sanction or imposing a more restrictive sanction). We do not reach the issue of whether a trial judge who, in that situation, at the time of the R.C. 2929.15(B) sentencing, informs the offender of the specific term he or she faces for a violation of the conditions of community control may subsequently impose a prison term if the offender violates conditions of community control a second time.

{¶ 36} In my view, the goal of R.C. 2929.19(B)(5) is to put the criminal defendant on notice, at the time of the sentencing hearing, of the length of prison term possible if the defendant violates a community control sanction. Moreover, I believe that the plain language of the statute supports this interpretation. If the General Assembly had intended to require notification of the specific prison sentence that would be imposed for violation of a specific community control sanction, it could have done so by using the phrase "will be imposed" rather than "may be imposed."

{¶ 37} Moreover, I do not believe that the majority's interpretation was intended by the General Assembly. A trial court has no way of predicting a defendant's future behavior. Thus, the sentencing court has no way of knowing whether the defendant will violate community control, and if so, how serious the violation will be. The majority's reading of the statutes today ties the hands of the trial court.

{¶ 38} The majority recognizes that a trial court could simply inform every offender that he or she will receive whatever definite term is the allowable maximum and thereby retain full discretion in every case to impose that term should the violation of the conditions of community control be serious. But the majority contends that in doing so, a trial court would not be "conscientiously implementing the intent of R.C. Chapter 2929." It would be difficult to imagine a scenario where trial courts would not choose this option, since courts can always sentence the offender to less than the original term.

{¶ 39} In my view, the trial court's journal entry put Brooks on notice that he could receive a prison term of six to twelve months if he violated community control, and this was in compliance with R.C. 2929.19(B)(5). Further, I agree with the reasoning in *State v. Housley*, 12th Dist. No. CA2002–07–060, 2003-Ohio-2223, 2003 WL 2012623, where the court held that "[w]hile R.C. 2929.15(B) clearly prevents a sentencing court from 'sentencing a community control violator to a longer prison term than it originally notified the violator of at the time of the violator's sentencing hearing,' there is no similar language preventing the court from sentencing the violator to a lesser prison term than originally notified at the sentencing hearing."

{¶ 40} Accordingly, I respectfully dissent from paragraph two of the syllabus.

---

**O'DONNELL, J., concurring in paragraph one of the syllabus.**

{¶ 41} I concur only with paragraph one of the syllabus. I write to express my view that a trial court does not offend R.C. 2929.19(B)(5) by informing an

offender at sentencing of a specific range of penalties upon being found guilty of a community control violation. This is so for two reasons: first, it is more precise to advise an offender that a community control violation would result in a term of incarceration ranging from a minimum, but not to exceed a maximum; second, the "specific term" of incarceration that the General Assembly names may not be the specific term that the offender ultimately receives upon a community control violation because as the majority observes, this notice "does little more than set a ceiling on the potential prison term." Hence, it is neither legislatively nor judicially designed to be the only possible sentence imposed on an offender who violates community control; instead, it is a maximum term, which could be, but not necessarily will be, imposed.

---

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

J. Alex Morton, for appellant.