OPINION
{¶ 1} Rocky Crabtree appeals from a judgment of the Montgomery County Court of Common Pleas, which sentenced him to two years of imprisonment after he violated his community control sanctions in three cases.
 {¶ 2} In February 2002, Crabtree pled guilty to breaking and entering and was sentenced to community control sanctions. At sentencing, the trial court informed Crabtree that the court "could * * * sentence [him] to the maximum 12 months in prison" for a violation of the community control sanctions.
 {¶ 3} In October 2002, Crabtree pled guilty to burglary. He was again placed on community control sanctions, and the trial court informed him that he "could" face eight years of imprisonment on the burglary and one year on the breaking and entering if the community control sanctions were revoked.
 {¶ 4} In December 2002, Crabtree pled guilty to a second breaking and entering offense, and again he was sentenced to community control sanctions with instructions that he "could be * * * sentenced to the maximum 12 months" if the community control sanctions were revoked.
 {¶ 5} In March 2004, Crabtree admitted to violating the terms of community control in all three cases. The trial court terminated the two breaking and entering cases and sentenced Crabtree to two years of imprisonment on the burglary case.
 {¶ 6} Crabtree raises one assignment of error on appeal.
 {¶ 7} "The trial court committed error when it sentenced the defendant to a prison sentence for a probation [sic] violation."
 {¶ 8} Crabtree contends that the trial court was not permitted to impose a prison sentence upon the revocation of his community control sanctions because it had not specified the length of the possible prison terms at his sentencing hearings, as required by R.C. 2929.19(B)(5). The state claims that the prison sentence was proper, while conceding that subsequent supreme court case law has required more specificity about prison terms.
 {¶ 9} R.C. 2929.19(B)(5) states:
 {¶ 10} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 11} The supreme court addressed R.C. 2929.19(B)(5)'s requirement that the court "shall indicate the specific prison term that may be imposed" in State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837. It stated:
 {¶ 12} "By choosing the word `specific' in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as `twelve months' incarceration,' if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.' The judge is required to notify the offender of the `specific' term the offender faces for violating community control." Id. at ¶ 19.
 {¶ 13} Applying Brooks to Crabtree's case, we find that we must reverse the imposition of the prison sentence in response to the violation of his community control sanctions. The trial court discussed only the sentence it "could" impose, referring in each instance to the maximum sentence. It did not inform Crabtree of a specific sentence tailored to the facts of his case. As such, on the authority of Brooks,
the trial court did not comply with the mandate of R.C. 2929.19(B)(5).
 {¶ 14} Even the state seems to acknowledge that, if Brooks is applicable, it requires a reversal of Crabtree's sentence. The state argues, however, that we should not find error in the trial court's imposition of sentence because Brooks was decided after Crabtree's sentencing and because the trial court complied with the law as it existed at the time of sentencing. The state cites R.C. 2929.19(B)(5) and an earlier case from this district, State v. Bradley,151 Ohio App.3d 341, 2003-Ohio-216, 784 N.E.2d 134, in support of this argument.
 {¶ 15} We disagree with the state's apparent conclusion that Bradley
in some way permitted or excused a trial court's failure to inform a defendant of the specific prison term that he would face if community control sanctions were violated or that it adopted a standard of substantial compliance with R.C. 2929.19(B)(5). As in Crabtree's case, the trial court in Bradley had failed to inform the defendant at his sentencing hearing of the specific prison term that he would face for a community control violation. In fact, the trial court made no reference to a possible prison sentence at all at sentencing, but it had informed the defendant of the maximum and minimum sentences at the plea hearing. We were persuaded by Bradley's argument that, upon revoking his community control sanction, the trial court had lacked authority to impose any prison term under these circumstances. Citing State v. Carter (1999),136 Ohio App.3d 367, 368, 736 N.E.2d 915, we stated:
 {¶ 16} "[P]ursuant to R.C. 2929.19(B)(5), when a trial court sentences a defendant to community control sanctions, the court is required to advise the defendant that if the conditions are violated, the court may impose * * * a prison term. Further, the court is required to advise the defendant of the specific prison term that will be imposed for violation of community control sanctions."
 {¶ 17} We rejected the state's argument that we should find substantial compliance because the court had informed the defendant of the maximum prison sentence that could be imposed, stating that "finding substantial compliance when a trial court fails to identify a specific sentence as required by R.C. 2929.19(B)(5) would render R.C. 2929.15(B) meaningless." Id. at ¶ 11.
 {¶ 18} Based on the supreme court's holding in Brooks and our holding in Bradley, we can only conclude that the trial court erred in failing to state with specificity the prison term that would be imposed for Crabtree's violations of community control sanctions. As such, the trial court was prohibited from imposing such a sanction. Brooks,103 Ohio St.3d at 141, ¶ 29.
 {¶ 19} The assignment of error is sustained.
 {¶ 20} The judgment of the trial court will be reversed, and the sentence will be vacated. This matter will be remanded for resentencing, at which time the trial court should reimpose community control sanctions and specify a prison sentence that it will impose for future violations. See State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110. The current sentence to community control is incomplete in that it fails to specify a particular sentence. Crabtree should be given credit for time already spent on community control on this case.
Brogan, P.J. and Grady, J., concur.