The STATE of Ohio, Appellee,

v.

HATFIELD, Appellant.

[Cite as *State v. Hatfield*, 164 Ohio App.3d 338, 2005-Ohio-6259.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2004 CA 31.

Decided Nov. 23, 2005.

Scott D. Schockling, Assistant Prosecuting Attorney, for appellee.

Dawn S. Garrett, for appellant.

DONOVAN, Judge.

{¶ 1} Defendant-appellant, Darrell Steven Hatfield, appeals the decision of the Champaign County Court of Common Pleas revoking his community control and sentencing him to concurrent prison sentences of six months and eleven months for two counts of theft. Hatfield filed a notice of appeal with this court on December 16, 2004.

## I

{¶ 2} On September 13, 2000, Hatfield pleaded guilty to two counts of theft, a first-degree misdemeanor and a fifth-degree felony. After a hearing held on November 22, 2000, the trial court sentenced Hatfield to three years of community control, and he was ordered to pay a $150 fine, $432 in court costs, and restitution in the amount of $4,233. There was no mention by the trial court at the hearing or in the final judgment entry filed on May 29, 2001, of any specific prison sentence that Hatfield would receive if he violated the terms of his community control.

{¶ 3} Hatfield pleaded guilty to six counts of theft in Montgomery County in January 2002, and a community-control violation was filed in Champaign County. After a hearing held on July 31, 2002, the trial court decided to continue Hatfield's community control. In the journal entry filed on September 16, 2002, the trial court specifically stated that Hatfield would be sentenced to eleven months in prison if the trial court decided to revoke his community control after a subsequent violation.

{¶ 4} Approximately two years later, in February 2004, a second community-control violation was filed against Hatfield. After reviewing the counts[1] in the violation, the trial court temporarily suspended Hatfield's community control and issued a capias for his arrest on February 20, 2004. At a hearing held on November 19, 2004, Hatfield did not contest the merits of the charges with respect to his failure to report and failure to pay court costs. In a journal entry filed on November 24, 2004, the trial court revoked Hatfield's community control and sentenced him to a total of eleven months' imprisonment for the two theft offenses. For the following reasons, the judgment of the trial court is reversed.

## II

{¶ 5} Hatfield's first assignment of error is follows:

---

1. The first count in the violation alleged that Hatfield had committed identity fraud in Montgomery County. The remaining two counts alleged that Hatfield had failed to report his whereabouts to the adult parole authority after January 7, 2004, and that he had not paid his court costs totaling $433.60.

{¶ 6} "The trial court erred, abused its discretion and violated defendant's constitutional and statutory rights when it failed to notify defendant during the sentencing hearing of the specific prison sentence that may be imposed for violation of community control and then subsequently sentenced defendant to prison."

{¶ 7} In his first assignment of error, Hatfield contends that the trial court lacked the authority to sentence him to prison when it revoked his community control on November 24, 2004. Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community-control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. *State v. Brooks* (2004), 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. Thus, Hatfield argues that the trial court erred when it sentenced him to eleven months in prison, because it did not inform him at the original sentencing hearing held on November 22, 2000, of the specific sentence that could be imposed if his community control was revoked. We agree.

{¶ 8} It is undisputed that the trial court failed to notify Hatfield at the sentencing hearing on November 22, 2000, of the specific sentence that could be imposed if he violated the conditions of his community control. Additionally, the journal entry filed on September 16, 2002, wherein the trial court specifically stated that Hatfield would be sentenced to eleven months in prison if the trial court decided to revoke his community control after a subsequent violation, was not adequate to put Hatfield on notice for the purposes of R.C. 2929.19(B)(5). The requirement of a statutorily defined notification upon sentencing of an offender to a community-control sanction is not satisfied by notification given in the trial court's journal entry issued after sentencing. *State v. Brooks,* 103 Ohio St.3d 134, 814 N.E.2d 837.

{¶ 9} The state, however, argues that Hatfield cannot benefit from the *Brooks* decision. The state asserts that the holding in *Brooks* would have to be applied retroactively, because Hatfield's community-control sentence became final approximately four years before the case was decided. Moreover, the state notes that Hatfield never appealed the decision of the trial court initially sentencing him to community control. Nor did he appeal the continuation of his community control through the trial court's journal entry filed on September 16, 2002. The state asserts that Hatfield's opportunity to appeal is gone, because his community-control sentence had become final well before *Brooks* had been decided. Thus, the state contends that Hatfield has no right to have the holding in *Brooks* applied to his case. We disagree.

{¶ 10} From a practical standpoint, Hatfield had no reason to appeal the trial court's grant of community control for the two theft offenses to which he initially pleaded guilty. He was not sentenced to prison, but rather received the benefit of community control. The same rationale applies to the trial court's continuation of Hatfield's community control on September 16, 2002. Hatfield did not have any issues to appeal until the trial court revoked his community control and unlawfully sentenced him to prison without properly notifying him of the specific prison term he would receive. When Hatfield was sentenced to prison, *Brooks* had already been decided approximately two months prior. Hatfield's case was still pending at the time *Brooks* was decided, and, therefore, no retroactive application of the Supreme Court holding is necessary.

{¶ 11} The state provides us with three cases from the Fifth, Ninth, and Twelfth Districts that stand for the proposition that *Brooks* cannot be retroactively applied to community-control sentences that became final prior to *Brooks*. *State v. Novel*, Richland App. No. 05CA8, 2005-Ohio-2547, 2005 WL 1208859; *State v. Ratkosky*, Medina App. No. 05CA0012–M, 2005-Ohio-4368, 2005 WL 2020657; *State v. Madaffari*, Butler App. No. CA2004–08–193, 2005-Ohio-3625, 2005 WL 1670784. These cases, however, are easily distinguishable from the case at bar. In each of the three cases cited by the state, the defendant's community control was revoked and the defendant was sentenced to a prison term prior to the date *Brooks* was decided.

{¶ 12} As stated previously, Hatfield's community control was not revoked until November 24, 2004, when the trial court sentenced him to eleven months' incarceration. This occurred almost two months after *Brooks* was decided. Clearly, Hatfield was entitled to rely on the *Brooks* holding. Thus, the trial court erred when it failed to notify Hatfield of the specific prison term he would face if his community control were subsequently revoked pursuant to R.C. 2929.15(B) and 2929.19(B)(5).

{¶ 13} Hatfield's first assignment of error is sustained.

### III

{¶ 14} Hatfield asserts the following assignments of error:

{¶ 15} "The trial court lacked subject matter jurisdiction to revoke defendant's community control and to issue a capias because the notice violation and the order for capias were not filed until February 20, 2004, after the three (3) year term of community control starting at the latest on November 22, 2000 had expired."

{¶ 16} "Defendant was denied his constitutional rights to due process and effective assistance of counsel."

{¶ 17} "Defendant's revocation of community control and imposition of an 11–month prison sentence does not comply with the requirements, goals and guidelines of Ohio law and was not supported by sufficient evidence of the requisite factors."

{¶ 18} In light of our ruling with respect to Hatfield's first assignment, we hold that the remaining assignments of error are moot.

## IV

{¶ 19} Based upon the foregoing, the judgment of the trial court is reversed, and the sentence is vacated. This matter is remanded for resentencing, at which time the trial court should reimpose community-control sanctions and specify a prison sentence that it will impose for future violations. *State v. Crabtree* (Mar. 4, 2005), Montgomery App. No. 20473, 2005-Ohio-927, 2005 WL 503369, citing *State v. Fraley* (2004), 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995. The current community-control sentence is incomplete in that it fails to specify a particular sentence. Hatfield should be given credit for time already spent on community control in this case. *Crabtree,* supra.

Judgment reversed
and cause remanded.

FAIN and GRADY, JJ., concur.