OPINION
{¶ 1} Defendant-Appellant Darrell Hatfield appeals the trial court's re-institution and immediate termination of his community control sanctions. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On April 20, 2000 Hatfield was indicted on two counts of theft stemming from his activities on February 17 and March 26-27, 2000. Hatfield pled guilty to both counts on September 13, 2000. At his November 22, 2000 sentencing hearing, the trial court ordered Hatfield to serve three years community control and ordered him to pay restitution, a fine, and court costs. The court filed an entry to that effect on May 29, 2001. After being found guilty of six additional counts of theft in Montgomery County in 2002, the court found that Hatfield was in violation of his community control. Nevertheless, the trial court continued his community control and set forth a payment schedule for the fine and court costs, which remained unpaid at that time.
 {¶ 3} A second community control violation was filed, and on February 20, 2004 the trial court promptly filed an entry suspending Hatfield's community control and issuing a warrant for his arrest because he failed to report to his parole officer as ordered. On November 24, 2004, while incarcerated for crimes committed in Montgomery County, the trial court revoked Hatfield's community control and sentenced him to serve eleven months in prison, consecutive to the Montgomery County sentence.
 {¶ 4} On appeal, this Court vacated Hatfield's sentence because the trial court had failed at the 2000 sentencing hearing to inform Hatfield of the specific sentence to be imposed if community control was violated. State v. Hatfield, 164 Ohio App.3d 338, 2005-Ohio-6259. The case was remanded to the trial court for re-sentencing, with directions to reimpose community control sanctions and to specify a prison sentence to be imposed for future violations. Id. at 343.
 {¶ 5} Based on our decision, Hatfield filed a motion to vacate his prison sentence and to terminate any community or post-release control for a lack of jurisdiction. On March 17, 2006, while Hatfield was still incarcerated for his Montgomery County crimes, the trial court conducted a hearing on the re-sentencing and on Hatfield's motion. On March 29, 2006 the court filed an entry in which the court both returned Hatfield to community control and terminated that community control as unsuccessful. Hatfield now appeals from that order.
 {¶ 6} Hatfield's first assignment of error:
 {¶ 7} "Whether the trial court acts, on remand from the court of appeals to vacate an illegal prison sentence, to reinstate defendant's community control sanctions and then terminating them as unsuccessful some two years after the community control sanctions had expired was error as a matter of law and in violation of defendant's constitutional right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio State Constitution."
 {¶ 8} In his first assignment of error, Hatfield contends that the trial court was without authority to terminate his community control in 2006 because his community control began at his sentencing hearing on November 22, 2000 and terminated on November 22, 2003. He also claims that the tolling provisions of R.C. § 2929.15(A) do not apply to him. For the following reasons, we disagree in both regards.
 {¶ 9} Although the trial court advised Hatfield at his sentencing hearing that he was being ordered to serve three years of community control, no order to that effect was filed until May 29, 2001. While there is no apparent reason in the record for such a lengthy delay, the fact remains that a trial court speaks only through its journal entries. See, e.g., Schenley v. Kauth (1953), 160 Ohio St. 109, 111,113 N.E.2d 625, citation omitted. As an aside, while under different circumstances there might be some sympathy for Hatfield's argument if the community control requirements had, in fact, become immediately effective without the judgment entry, the record indicates that Hatfield was not even ordered to meet with his probation officer until June 5, 2001. In any event, Hatfield's community control began with the filing of the judgment entry on May 29, 2001.
 {¶ 10} Hatfield next argues that as a result of the passage of 2000 H.B. 349, the tolling provision of R.C. § 2929.15(A) became effective on September 23, 2000. He concludes that because he was convicted on September 19, 2000, the provision was not applicable to him. Hatfield's argument is misplaced, however, because the tolling provision actually became effective on March 23, 2000 following the passage and signing of 1999 S.B. 107. See, e.g., State v. Hoy, Union App. Nos. 14-04-13 
14-04-14, 2005-Ohio-1093.
 {¶ 11} On February 20, 2004, when Hatfield had just three months of community control remaining, the trial court issued an order suspending his community control and issuing a warrant for his arrest because Hatfield failed to report to his probation officer. Pursuant to R.C. § 2929.15(A), the time that Hatfield's whereabouts were unknown did not count toward his service of community control. On November 24, 2004, while he was incarcerated for crimes committed in Montgomery County, the trial court revoked Hatfield's community control and ordered him to serve eleven months consecutive to his Montgomery County sentence. Hatfield filed a timely appeal from that order. Also pursuant to R.C. § 2929.15(A), the time during which Hatfield was incarcerated for other crimes did not count toward fulfillment of his community control sentence. Because Hatfield was incarcerated by the time of the November 24, 2004 hearing, and he was still incarcerated at the time of the March 17, 2006 rehearing, the three remaining months of community control was tolled. Therefore, upon remand, Hatfield still had three months of unserved community service remaining on his sentence. As a result, the trial court retained jurisdiction to address Hatfield's community control violations and could revoke his community control at that time. Hatfield's first assignment of error is overruled.
 {¶ 12} Hatfield's second assignment of error:
 {¶ 13} "Whether the trial court's acts to forward pre-sentence investigation reports and other documents containing hearsay and erroneous information to the Ohio State Department of Corrections and Rehabilitation to be used to modify Defendant's prison time or administration was error as a matter of law and in violation of Defendant's constitutional right to due process under the Fifth andFourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio State Constitution."
 {¶ 14} In his second assignment of error, Hatfield insists that the trial court should not have provided the Department of Corrections and Rehabilitation with a copy of his pre-sentence investigation report because doing so constituted illegal judicial fact finding in contravention of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 15} Revised Code Section 2929.19(B)(1) specifically requires a trial court to consider any available pre-sentence investigation report before sentencing a defendant. See, Foster, supra at ]J46. We cannot, therefore, conclude that the use of such a report constitutes judicial fact finding. Nor does the act of forwarding that report to the Department of Corrections and Rehabilitation transform the report into judicial fact finding. This Court is aware that trial courts routinely forward pre-sentence investigation reports to the Department of Corrections as an aid to the department's classification of the inmates.
 {¶ 16} Assuming arguendo that the parole board's use of the Champaign County PSI is properly before us, Hatfield's concern that the parole board will act upon the PSI in a manner adverse to him is entirely speculative. Accordingly, Hatfield's second assignment of error is overruled.
 {¶ 17} Having overruled both of Hatfield's assignments of error, the judgment of the trial court is affirmed.
GRADY, P.J. and FAIN, J., concur.