OPINION
{¶ 1} Defendant-appellant Derrick E. Glover appeals from an order revoking his existing community control sanctions and imposing a sentence of imprisonment for two years, to be served consecutively to sentences imposed in other Ohio counties. Glover contends that the trial court erred by revoking his existing community control sanctions *Page 2 
and imposing a sentence of imprisonment because the trial court failed to specify, at his original sentencing hearing at which his community control sanctions were imposed, a definite term of imprisonment that would be imposed upon a violation resulting in the revocation of the community control sanctions. Upon the authority of State v. Brooks
(2004), 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746; andState v. Hatfield, 2005-Ohio-6259, Champaign App. No. 2004 CA 31, we agree with Glover. Accordingly, the order of the trial court imposing a two-year sentence of imprisonment is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 2} In 2002, Glover was originally charged by indictment with Possession of Cocaine in an amount equaling or exceeding 1,000 grams, with a Major Drug Offender specification. As a result of a literal re-weighing of the evidence, the charge against Glover was changed, by a superseding indictment, to Possession of Cocaine in an amount equaling or exceeding 500 grams, but less than 1,000 grams, without a Major Drug Offender specification.
 {¶ 3} Glover accepted a plea bargain whereby he pled no contest to Attempted Possession of Cocaine in an amount equaling or exceeding 500 grams, but less than 1,000 grams. Pursuant to the terms of the plea bargain, the trial court agreed that it would impose community control sanctions unless the pre-sentence investigation report disclosed significant negative information that would prevent the trial court, in good conscience, from limiting Glover's sentence to community control sanctions, and, even in that event, the trial court agreed that Glover would be permitted to withdraw his plea. *Page 3 
 {¶ 4} Pursuant to the plea bargain, community control sanctions were imposed for a period not to exceed five years.
 {¶ 5} In 2006, Glover was convicted of at least one drug offense in another Ohio county, for which he was apparently sentenced to imprisonment for three years. It appears that he was also convicted of a drug offense in one other Ohio county. At a hearing on the State's application to revoke community control sanctions, Glover stipulated that he had violated the terms of his community control sanctions as a result of his drug conviction in another county. He did raise in the trial court the issue he raises here — that a sentence of incarceration could not properly be imposed because no definite term of incarceration was specified at his original sentencing hearing, at which community control sanctions were imposed, to be imposed upon the vacation of his community control sanctions. Glover relied upon State v. Hatfield, supra. The State argued that the trial court could properly impose the statutory minimum term of two years, because the trial court had specified a range of from two to eight years, in its original sentencing entry, as the term of incarceration that could be imposed upon a finding of a violation of Glover's community control sanctions.
 {¶ 6} The trial court accepted the State's argument, revoked Glover's community control sanctions, and imposed a sentence of two years, to be served consecutively to sentences imposed by other Ohio common pleas courts. From this order imposing a two-year sentence, Glover appeals.
 II {¶ 7} Glover's sole assignment of error is as follows:
 {¶ 8} "A COURT MUST INFORM A DEFENDANT OF THE SPECIFIC PRISON *Page 4 
TERM HE FACES IF HIS COMMUNITY CONTROL IS REVOKED."
 {¶ 9} As a threshold matter, the State contends that Glover has failed to exemplify this alleged error in the record, because he has not attached to his brief, or otherwise filed herein, a written transcript of the 2002 sentencing hearing, as required by App. R. 9(A), but only a written transcript of the 2002 plea hearing. The State acknowledgesState v. Collins, 2006-Ohio-4155, Montgomery App. No. 21193, ?11, in which we held that we have discretion to consider the videotape of a hearing, which is the official transcript in a trial court that records its proceedings in an audio-visual medium, notwithstanding the defendant's failure to comply with App. R. 9(A), and in which we exercised that discretion to consider the videotape of a motion to suppress hearing, noting that it was short.
 {¶ 10} We choose to exercise our discretion in this case to consider the videotape of Glover's 2002 sentencing hearing. It is quite brief, so that this court has not been overly burdened by having to watch the videotape. Moreover, if we were to disregard the videotape, which clearly supports the reversal of the order from which this appeal is taken, Glover would most likely have a valid basis to move to reopen this appeal, under App. R. 26(B), upon the ground of ineffective assistance of appellate counsel, which would require the expenditure of additional, and unnecessary, appellate resources.
 {¶ 11} The State also contends that Glover's assignment of error must be overruled because he is arguing only that no definite term of imprisonment was specified at his plea hearing, and, as the State correctly notes, there is no requirement that a definite term of imprisonment, to be imposed if community control sanctions are *Page 5 
subsequently imposed and subsequently violated, be specified at a plea hearing; that requirement attaches to the sentencing hearing. Read literally and strictly, Glover's argument in support of his assignment of error is limited to the failure to specify the term of imprisonment at his plea hearing, although the wording of his actual assignment of error is not so limited. Again, we conclude that the interests of judicial economy, if not the interests of justice, itself, militate in favor of a broader construction of Glover's argument, since a stricter construction would likely result in a meritorious motion to reopen his appeal under App. R. 26(B), upon the ground of ineffective assistance of appellate counsel.
 {¶ 12} In State v. Hatfield, supra, we relied upon State v.Brooks (2004), 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746, for the proposition that an order revoking community control sanctions and imposing a sentence of incarceration is error requiring reversal if, at the original sentencing hearing at which community control sanctions were imposed, the trial court failed to specify a definite term of imprisonment to be imposed in that contingency. At the sentencing hearing in this case, the trial court merely informed Glover that "a sentence of incarceration may be imposed," if, as a result of a violation of community control sanctions, the community control sanctions were to be revoked. Neither a definite term of imprisonment nor a range of terms of imprisonment was specified at that hearing.
 {¶ 13} In the journal entry imposing sentence, the trial court states that a sentence of from two to eight years imprisonment may be imposed as a result of a violation of Glover's community control sanctions. ButState v. Brooks, supra, at ]}18, clearly holds that a subsequent specification of the term of incarceration to be imposed if *Page 6 
community control sanctions are revoked, even a specification in the journal entry imposing the sentence, cannot save a sentence that is defective because no term of imprisonment was specified at the sentencing hearing. One possible reason for this distinction is that a defendant has the ability to address the trial judge, at the sentencing hearing, if he is unclear concerning the potential consequences of a violation of the terms of his community control sanctions. The defendant has no comparable ability to inquire of the trial judge concerning the meaning of the sentencing entry. In any event, this is a holding of the Ohio Supreme Court, and we are bound by it.
 {¶ 14} State v. Brooks, supra, also specifies the remedy. The sentence must be reversed, and the cause must be remanded for re-sentencing, which may not include a term of incarceration, but which should provide for community control sanctions, and specify a definite term of incarceration to which the defendant will be exposed if the community control sanctions are revoked as a result of a violation.
 {¶ 15} In the case before us, the original community control sanctions were imposed on September 20, 2002, to be in force for a period of time not to exceed five years. Neither party has addressed the issue of whether any community control sanction may now be imposed, it now being more than five years after the original imposition of community control sanctions. Therefore, we choose not to address this issue, either. The parties may address this issue in the trial court upon remand.
 III {¶ 16} Glover's sole assignment of error having been sustained, the order of the trial court of July 10, 2006, revoking his community control sanctions and imposing a two-year sentence of incarceration, is Reversed, and this cause is Remanded for further *Page 7 
proceedings consistent with this opinion.
 DONOVAN and WALTERS, JJ., concur. *Page 1