**[Cite as *State v. Poulter*, 2020-Ohio-396.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 28492 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2018-CR-1486 |
| v. | : | |
| | : | |
| SHANNON D. POULTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Shannon D. Poulter appeals from her "Community Control Sanction" (CCS) sentence of "twelve (12) months in the Montgomery County Jail. Defendant may serve six (6) months in the MonDay Program after serving six (6) months in the Montgomery County Jail." The sentence was imposed for a fifth-degree felony offense of aggravated drug possession. A community-control sanction longer than six months' incarceration is contrary to law. The State concedes error. We reverse the judgment of the trial court, vacate it in part, and order that the trial court promptly conduct a resentencing or proceed with a subsequent Notice of CCS Revocation, or both, with instructions as to resentencing.

{¶ 2} Poulter was indicted on June 18, 2018 for a fifth-degree felony of aggravated possession of drugs, and she filed a motion for intervention in lieu of conviction (ILC). On August 23, 2018, she entered a prospective guilty plea, her motion for ILC was granted, and she was placed on supervision. On June 20, 2019, a Notice of ILC Revocation was filed. On July 17, 2019, appellant admitted she had violated conditions of ILC. The court ordered the guilty plea to be filed and then turned to sentencing:

> Ma'am, after considering the purposes and principles of sentencing and the seriousness and recidivism factors, I'm going to place you on community control sanctions with one sanction and that is that you serve 12 months of local jail time. You'll be given credit for all the time that you have served. You can serve up to six months of that 12 months in the Monday program, but only after you have completed six months in the jail.

{¶ 3} The above sentence was documented in a July 30, 2019 judgment entry. No alternative prison sentence was reserved by the trial court. Rather, the entry states: "Upon

completion of local sanction, supervision shall be terminated unsuccessful." We note that Poulter was TCAP eligible, meaning she could have been sentenced to prison for one year, although the sentence would be served in a local facility, if certain findings were applicable for this, her first felony conviction. However, nothing in the transcript or sentencing entry describes Poulter's incarceration as an R.C. 2929.34(B)(3)(c) TCAP sentence.

{¶ 4} "A trial court, subject to restrictions not applicable to this discussion, could, as a community residential sanction, require a defendant sentenced to CCS to serve 'up to six months in jail.' R.C. 2929.16(A)(2)." *State v. Ingledue,* 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 6. Consecutive six-month community-control-sanction sentences are not permitted. *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874. We recognize that R.C. 2929.15(B)(1) and R.C. 2929.16(A)(6), as amended effective October 31, 2018, allow the imposition of a secondary six-month jail term for a subsequent community-control violation. R.C. 2929.15(B)(1)(b) states that upon a CCS violation a trial court may impose a more restrictive sanction including "a *new* jail term * * * pursuant to [R.C. 2929.16(A)(6)]." (Emphasis added.) R.C. 2929.16(A)(6) states that upon a CCS violation a trial court may impose "a *new* term of up to six months * * * in a jail, which term shall be in addition to any other term imposed under this division." (Emphasis added.) However, the 12-month sanction imposed here was the original sentence imposed after conviction, and that is not authorized. We vacate the second six-month incarceration portion of the sentence.

{¶ 5} We conclude that this matter should be remanded for resentencing. However, on the record applicable to this appeal, the trial court is limited to resentencing

Poulter to continuation on community control and the imposition of a potential alternate reserved prison sentence if there is a subsequent community-control violation. "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community-control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Hatfield,* 164 Ohio App.3d 338, 2005-Ohio-6259, 842 N.E.2d 128, ¶ 7 (2d Dist.), citing *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

{¶ 6} In that Poulter has served more than six months, ordinarily we would order Poulter's release pending resentencing. However, we note that on September 27, 2019 a Notice of CCS Revocation was filed in the trial court alleging that Poulter violated her CCS when she was charged with illegal conveyance of drugs of abuse onto the grounds of a detention facility, a third-degree felony. The CCS violation notice indicates she is to be held with "No Bond." As of this date, no indictment on that new charge has been entered. There also have been no entries filed resolving this September 27, 2019 alleged CCS violation. Assuming that upon completion of this appeal the trial court proceeds to adjudicate that new violation allegation, finds that there is a violation of a supervision rule that was imposed upon her, and assuming the court proceeds to sentencing, the court is again precluded from imposing a prison sentence by R.C. 2929.19(B)(5) and R.C. 2929.15(B) and by *Brooks,* because no alternative prison sentence had been announced before the new CCS violation. The court would be limited to a new term of local incarceration of up to six months under R.C. 2929.16(A)(6), and the trial court shall credit her with any time she has served greater than the six-month maximum for the original

sentencing.

{¶ 7} Poulter's assignment of error is sustained. The judgment of the Montgomery County Common Pleas Court is reversed, it is vacated in part, and the cause is remanded for resentencing or for the trial court to proceed with a Notice of CCS Revocation, or both.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.


Copies sent to:

Mathias H. Heck Jr.
Jamie J. Rizzo
Robert Alan Brenner
Hon. Mary Katherine Huffman