[Cite as *State v. Williams*, 2022-Ohio-226.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                             Court of Appeals No.  WD-21-050

        Appellee                                         Trial Court No.  2020CR0031

v.

Travis Williams                                        **DECISION AND JUDGMENT**

        Appellant                                       Decided:  January 28, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 9, 2021 judgment of the Wood County Court

of Common Pleas, sentencing appellant to a portion of a previously suspended term of

incarceration, following appellant's community control violation.

{¶ 2} Specifically, appellant was sentenced to serve 17 months of the previously suspended 42 months of incarceration, as a result of the community control violation. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Travis Williams, sets forth the following assignment of error:

APPELLANT'S SENTENCE FOR HIS COMMUNITY CONTROL VIOLATION IS CONTRARY TO LAW.

{¶ 4} The following undisputed facts are relevant to this appeal. On January 30, 2020, appellant was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the fourth degree, one count of attempted pandering obscenity involving a minor, in violation of R.C. 2907.321, a felony of the fifth degree, two counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, felonies of the fifth degree, and one count of possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree.

{¶ 5} The above-described offenses stemmed from appellant's unlawful electronic transmission of sexually explicit text messages and photographs of his genitalia, to the minor-step-daughters of his brother. Appellant possesses a considerable criminal history.

{¶ 6} On August 4, 2020, pursuant to a negotiated plea agreement, appellant pled guilty to one count of gross sexual imposition and two counts of disseminating matter harmful to juveniles. In exchange, the remaining offenses were dismissed. A presentence investigation was ordered.

2.

{¶ 7} On October 30, 2020, appellant was sentenced to a five-year term of community control. While the trial court elected not to impose incarceration upon appellant at sentencing, a 42-month term of incarceration was reserved against appellant for future consideration, in the event that appellant failed to adhere to the terms of community control.

{¶ 8} On March 22, 2021, a petition for the revocation of appellant's community control was issued in response to ongoing violations by appellant.

{¶ 9} On March 29, 2021, after accumulating more than several dozen program violations, appellant was unsuccessfully terminated from the court-ordered SEARCH Program. The successful completion of the program was a term of appellant's community control.

{¶ 10} On April 26, 2021, the trial court conducted a community control revocation evidentiary hearing. Based upon the evidence presented, the trial court determined that in a span of less than four months, appellant accumulated a total of 27 violations related to the SEARCH Program at CCNO.

{¶ 11} Notably, the court further determined that the substance of a significant portion of the violations were serious in nature. In addition, the court found that 16 of the 27 violations were preceded by warnings, giving appellant an additional opportunity to avoid those violations. The 16 warnings went unheeded by appellant.

{¶ 12} Accordingly, the court found appellant to be in violation of the terms of community control.

3.

{¶ 13} On June 1, 2021, the trial court conducted the community control violation dispositional hearing. The trial court held in pertinent part, "The court must consider both the seriousness of the original offense * * * and the gravity of the community control violation * * * *The court did originally put the defendant on community control, placed him in the SEARCH program with the intent that he would complete that * * * [D]efendant had 27 violations * * * 16 of the 27 violations were preceded by warnings.*" (Emphasis added).

{¶ 14} The trial court ultimately imposed a 17-month portion of the 42-month term of incarceration originally reserved at appellant's felony sentencing and placement on community control. This appeal ensued.

{¶ 15} In the sole assignment of error, appellant alleges that the trial court's community control violation sentence was unlawful. We do not concur.

{¶ 16} In support of this appeal, appellant misguidedly asserts, "[T]he trial court simply sentenced appellant to prison for the term it reserved for him at his original sentencing hearing, without regard to nature and circumstances of the violation. Appellant's sentence is therefore contrary to law."

{¶ 17} The record of evidence does not comport with appellant's position.

{¶ 18} We reiterate at the outset that the record reflects that a 42-month prison term was originally reserved for appellant, and a 17-month prison term was subsequently imposed for the community control violation.

4.

{¶ 19} Thus, the disputed sentence did not constitute the "simple" imposition of the reserved prison time, as implied in support of this appeal.

{¶ 20} More importantly, we note that the record clearly reflects that the trial court evaluated and took into consideration the nature and circumstances of the incidents which comprised the community control violation in crafting the sentence, despite appellant's suggestion to the contrary.

{¶ 21} We have carefully reviewed the transcripts of the community control evidentiary hearing. It reflects that the trial court examined and considered each of the 27 individual program violations in order to evaluate their seriousness and context, ultimately finding that the violations were comprised of both more serious, and less serious, incidents.

{¶ 22} The court's consideration of the specifics underpinning appellant's community control revocation also found that on 16 of the 27 violation occasions appellant was originally issued a warning in lieu of the additional program violations. However, appellant failed to change course subsequent to the warnings, ultimately necessitating issuance of the additional violations.

{¶ 23} As held at ¶ 22 in *State v. Hart*, 4th Dist. Athens No. 13-CA-8, 2014-Ohio-3733, "[A]ny penalty imposed for a community control violation is a punishment for that violation and not the original offense."

{¶ 24} Appellant suggests in support of this appeal that the trial court failed to adhere to the above-quoted parameters for a proper community control violation sentence. We do not concur.

{¶ 25} On the contrary, we find that the trial court's imposition of a 17-month term of incarceration, in comparison to the 42-month initially reserved term of incarceration on the underlying felony offenses, is consistent with the sentence being in response to the substance of the community control violations, and not a reflexive response improperly rooted in the original offenses.

{¶ 26} More importantly, the record clearly shows that the trial court's sentencing focus was centered upon an examination of the specific facts and context of the 27 program violations accumulated by appellant, ultimately culminating in appellant's unsuccessful termination from the SEARCH program and community control revocation.

{¶ 27} The record is devoid of evidence that the disputed sentence constituted an improper punishment for the underlying felony convictions, rather than for the subsequent community control violations, in contravention of *Hart*.

{¶ 28} We further note that, as held by the Ohio Supreme Court in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 827, at paragraph two of the syllabus, "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), *a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for violation of the conditions of the*

6.

*sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.*" (Emphasis added).

{¶ 29} The record reflects that the trial court complied with the applicable R.C. 2929 statutory requirements, as affirmed by *Brooks*, in the felony sentencing which placed appellant on community control.

{¶ 30} We find that appellant has failed to demonstrate that the disputed community control violation sentence was contrary to law. The record of evidence reflects no impropriety in the June 9, 2021 community control violation sentence.

{¶ 31} Wherefore, we find appellant's assignment of error not well-taken. On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                         JUDGE
Thomas J. Osowik, J.        

Myron C. Duhart, P.J.            _____
CONCUR.                                       JUDGE

                                         _____
                                         JUDGE

7.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.