OPINION
{¶ 1} In 2003, defendant-appellant, Tatanisha M. Dorsey, was convicted of two counts of forgery and two counts of theft. She was sentenced to a term of five years of community control. As a condition of her sentence Dorsey was required, among other things, to obtain employment, attend support groups and to abstain from using any illegal drugs.
 {¶ 2} In 2005, Dorsey was charged with violation of the above terms of her probation. She appeared before the court and admitted the violations. Thereafter, the trial court ended Dorsey's community control sanctions and sentenced her to prison for a term of twelve months on each count. The trial court required that certain of the counts be served consecutively for a total term of imprisonment of twenty-four months.
 {¶ 3} From this sentence, Dorsey now appeals.
 FIRST ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE AFTER FAILING TO COMPLY WITH R.C. 2929.15(B) AND R.C. 2919.15(B)(5)."
 {¶ 5} Dorsey contends that, at the 2003 sentencing hearing, the trial court failed to state with sufficient specificity the prison term that would be imposed should she violate the terms of her community control. In support, she refers to State v.Brooks, 103 Ohio St. 3d 134.
 {¶ 6} In Brooks, the Ohio Supreme Court held that a trial court is "required to notify the offender of the `specific' term the offender faces for violating community control." Id. at ¶ 19. "To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months'." Id.
 {¶ 7} We have reviewed the transcript of the sentencing hearing during which the trial court stated:
 {¶ 8} "You will be on no breaks probation, which means that if you violate the terms and conditions of this probation * * * then I can make the sanctions more restrictive, make it last longer, but there's a good chance you could be at — you will be looking at 48 months in prison."
 {¶ 9} We conclude that the trial court complied with the requirement set forth in Brooks. The trial court clearly stated that a violation would result in a prison term of forty-eight months.
 {¶ 10} Therefore, the first Assignment of Error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 {¶ 12} Dorsey contends that the trial court erred with regard to the imposition of consecutive sentences.
 {¶ 13} The Supreme Court of Ohio recently held that parts of Ohio's felony sentencing scheme are unconstitutional, including R.C. 2929.14(E)(4), which applied to Dorsey's sentencing. Statev. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856. The Supreme Court held that R.C. 2929.14(E)(4) is unconstitutional because it requires judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences. Foster at ¶ 65-67, ¶ 83. Accordingly, the supreme court severed the provisions that it found to be unconstitutional, including R.C. 2929.14(E)(4). Id. at ¶ 97.Foster further instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶¶ 104-105. At resentencing, the trial court will have full discretion to impose a prison sentence of up to forty-eight months, and is no longer required to make findings or to give its reasons for imposing consecutive sentences on an offender. State v. Mathis,109 Ohio St. 3d 54, 2006-Ohio-855, ¶ 26
 {¶ 14} The second Assignment of Error is Sustained.
 {¶ 15} The judgment of the trial court is affirmed in part, reversed in part, and remanded for resentencing in accordance with Foster.
Grady, P.J., and Donovan, J. concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).