OPINION
{¶ 1} This is an appeal from a determination by the Richland County Court of Common Pleas that Appellant violated her community control sanctions.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 13, 2003, Appellant pled to aggravated robbery and was placed on three and a half years of community control.
 {¶ 3} The sentencing entry stated that a violation of conditions would lead to a sanction of up to five years incarceration.
 {¶ 4} On June 6, 2005, she admitted a probation violation and was to serve seven days jail time with community control continued.
 {¶ 5} On February 28, 2006, another violation hearing was held with Appellant admitting to four violations.
 {¶ 6} She was sentenced to four years in prison.
 {¶ 7} Appellant raises one Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 8} "I. THE TRIAL COURT SHOULD NOT BE PERMITTED TO SENTENCE THE DEFENDANT-APPELLANT TO INCARCERATION FOR VIOLATION OF COMMUNITY CONTROL SANCTIONS AS THE TRIAL COURT DID NOT PROPERLY NOTIFY THE DEFENDANT-APPELLANT OF A SPECIFIC PRISON TERM AT THE ORIGINAL SENTENCING PROCEEDING."
 I. {¶ 9} In State v. Brooks (2004), 103 Ohio St.3d 134, the Ohio Supreme Court held:
 {¶ 10} "* * *[t]rial court sentencing an offender to community control sanction is required to deliver statutorily detailed notifications at sentencing hearing;
 {¶ 11} "Requirement that court notify offender of the specific prison term that may be imposed for violation of conditions of sanction must be strictly complied with; and
 {¶ 12} "Remedy for failure to give proper notification was remand for resentencing with prison term not an option."
 {¶ 13} The Supreme Court stated further:
 {¶ 14} "Given the above, notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5). Nor do statements made to an offender at a separate plea hearing. However, in some cases, as will be discussed later, the statements made at the plea hearing or other notifications to the offender may be used to clarify or supplement what is said later at the sentencing hearing to the offender.
 {¶ 15} "B. Language Used in Notifying
 {¶ 16} "Having established that the statutory scheme envisions the sentencing hearing itself as the time when the notification must be given, we next consider what language the trial court should use. By choosing the word `specific' in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as `twelve months' incarceration,' if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.' The judge is required to notify the offender of the `specific' term the offender faces for violating community control.
 {¶ 17} "* * * A legitimate concern raised by the statutory procedure is that, while R.C. 2929.19(B)(5) requires the judge to state the `specific term' the offender faces in the event of a violation, that term is not necessarily what the offender will receive if a violation occurs. When the trial court first imposes the conditions for community control, the court has no way of predicting what the violation might be. Recognizing that community control violations can range from relatively minor to very major and that the conditions imposed vary greatly depending upon the facts of each case, R.C. 2929.15(B) gives the trial judge wide discretion when sentencing a violator."
 {¶ 18} In response to the Appellant's Assignment of Error, the Appellee denies a violation of Brooks, and in the alternative, acknowledges that if a violation of Brooks occurred, Appellant deserved the prison time.
 {¶ 19} We do not question the fact that Appellant may well have deserved incarceration, but this is not a legal argument as we are bound by the interpretation of the statutory language by the Ohio Supreme Court.
 {¶ 20} However, we have been provided only with the probation violation transcripts of June 6, 2005, and February 28, 2006, and not the transcript of the original sentencing hearing.
 {¶ 21} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as Richland County, Case No. 2006CA0025 5 to those assigned errors, the court has no choice but to presume the validity of the lower court=s proceedings, and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197.
 {¶ 22} It may well be that the requirements of State v. Brooks, supra, have not been followed but we cannot make that determination from the record before us.
 {¶ 23} The Assignment is rejected and this cause is affirmed at Appellant's costs.
By: Boggins, J., Hoffman, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.