OPINION
{¶ 1} Defendant-appellant, Jason D. See, was indicted on April 4, 2000, for carrying a concealed weapon, a felony of the third degree, and having a weapon under disability, a felony of the fifth degree. On January 4, 2001, appellant entered guilty pleas to attempted carrying a concealed weapon, a felony of the fifth degree, and the original weapon under disability charge, also a felony of the fifth degree. On March 7, 2001, the Franklin County Court of Common Pleas sentenced appellant to three years of intensive supervision. At the conclusion of appellant's sentencing hearing, the trial court stated:
What that tells you — and I have gone over this with you before. I have placed you on community control, and I've included certain conditions. While you are on community control, if you violate any of the conditions I have imposed, or any rule of the community control department, or any law for that matter, the Court could do a couple of things. I could impose a more restrictive condition. I could increase the length of the condition. And the most severe thing I could do in this case is impose a sentence of up to 24 months, 12 months each count. That's all.
 {¶ 2} On April 14, 2004, appellant appeared before another trial court judge for three revocation matters. On two of the matters, appellant was given time served. On the case at bar, the trial court imposed a prison sentence of nine months.
 {¶ 3} Appellant appeals, asserting the following assignment of error:
The trial court erred when it sentenced Appellant to prison after a violation of community control sanctions when the court, at the time of the original sentencing hearing, did not specify what sentence Appellant would receive upon a violation of the terms of community control.
 {¶ 4} R.C. § 2929.15(B) states what a sentencing judge can do if a defendant on community control violates the terms of that control. It states, as pertinent:
If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction * * * may impose a more restrictive sanction * * * or may impose a prison term on the offender * * *.
 {¶ 5} In this case, the sentencing judge at the revocation hearing chose the third option and sentenced appellant to nine months in prison. As noted, at appellant's original sentencing hearing, he was not told specifically what his prison sentence would be if he violated his probation and the sentencing judge decided to sentence him to prison.
 {¶ 6} R.C. 2929.19(B)(5) sets forth the requirements for imposing a prison sentence upon violation of probation by someone previously sentenced to community control. It provides, as follows:
* * * The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specificprison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.
(Emphasis added.)
 {¶ 7} Courts of appeals had reached different conclusions about how a sentencing judge must inform a person sentenced to community control of the imposement of a prison term for a violation of community control as a sanction.
 {¶ 8} A conflict to the court of appeals was certified to the Ohio Supreme Court who rendered its opinion recently in the case of State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746. In Brooks, at paragraph two of the syllabus, the court held:
Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.
 {¶ 9} Applying that law to the present case, we find that the judge sentencing the offender to a community control sanction did not notify appellant of the specific prison term that may be imposed for a violation of the conditions of the sanction. Instead, the trial court only stated that he could impose a sentence of up to 24 months, 12 months each count. In Brooks, at ¶ 19, the court held that "the judge shall, in straightforward and in affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as `"twelve months" incarceration,' if the conditions are violated." The court further explained that "the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.'"
 {¶ 10} Finally, in Brooks, at ¶ 33, the Supreme Court stated:
When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing. * * * In community control sentencing cases in which the trial court failed to comply with R.C. 2929.19(B)(5), however, a straight remand can cause problems. Due to the particular nature of community control, any error in notification cannot be rectified by "renotifying" the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option. * * *
(Emphasis sic.)
 {¶ 11} Appellant's assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for resentencing in accordance with the provisions of this opinion.
Judgment reversed and cause remanded.
Petree and French, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.