Pfeifer, J.,
dissenting.
{¶ 26} Recently, in State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, we very clearly interpreted R.C. 2929.19(B)(5) and 2929.15(B). We held that “a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.” (Emphasis added.) Brooks at paragraph two of the syllabus.
{¶ 27} The failure to set forth with specificity the term of incarceration for a violation of community control at sentencing means that an offender can never receive incarceration for violating his community control related to that offense. The authority to order incarceration comes at the sentencing hearing on the original charge. Repeated violations of community control do not invest the trial court with any additional authority to order incarceration.
*21 Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellant.
Jeffrey J. Whitacre, Erie County Public Defender, for appellee.
{¶ 28} Our holding in Brooks was tough, but correct. The majority decision signals this court’s hasty retreat from it.