OPINION
{¶ 1} Defendant-appellant, Danny Gates (hereinafter "Gates"), appeals the judgment of the Mercer County Court of Common Pleas sentencing him to a seventeen month term of imprisonment for a violation of community control sanctions.
 {¶ 2} In November of 1998, Gates approached Marcia Koeppel, a resident of Rockford, Ohio, and made misrepresentations to her that the trees on her property presented several dangers and that she needed to have the trees trimmed and removed from the property. Taking advantage of the age and naiveté of Mrs. Koeppel, Gates negotiated a contract to perform work on her trees in the amount of $45,000. The fair market of the services he proposed was later determined to be $2,500 to $3,000. Gates eventually received approximately $33,000 from Mrs. Koeppel for services that he never performed.
 {¶ 3} Gates was subsequently indicted on one count of Theft, in violation of R.C. 2913.02(A)(3) and (4), a felony of the fourth degree. He entered into a negotiated plea agreement where he would plead guilty and agree to make full restitution to Mrs. Koeppel. At that time, the state recommended Gates be placed on community control sanctions and the parties entered into an agreed recommended sentence of eighteen months in the event those sanctions were violated. On May 28, 1999, the trial court accepted Gates' plea, placed him on community control sanctions for five years with notice that if he should violate those sanctions the court could sentence him to an eighteen month prison term.
 {¶ 4} Gates subsequently violated the provisions of his community control and admitted the violations to the trial court in September 2001. The trial court did not impose a prison term for the violation, but again placed Gates on community control.
 {¶ 5} In September 2004, Gates appeared before the trial court for a second violation of community control and on a new indictment alleging he committed felony offenses while under supervision. Gates eventually pled guilty to the commission of the new felony offenses and the trial court imposed a prison term of four years. For the second violation of community control sanctions, the trial court found that Gates was no longer amenable to community control and imposed a prison term of seventeen months to be served consecutively to the four-year term.
 {¶ 6} It is from the imposition of sentence for violation of community control which Gates now appeals to this court and asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The Defendant-appellant's sentence is illegal because he was notproperly notified of the specific prison term that the trial courtimposed.
 {¶ 7} R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing:
[t]he court shall notify the offender that, if the conditions of thesanction are violated, if the offender commits a violation of any law, ** * the court may impose a longer time under the same sanction, mayimpose a more restrictive sanction, or may impose a prison term on theoffender and shall indicate the specific prison term that may be imposedas a sanction for the violation, as selected by the court from the rangeof prison terms for the offense pursuant to section 2929.14 of theRevised Code.
 {¶ 8} R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(5). R.C. 2929.15(B) further provides that if a prison term is imposed upon an offender for violating a community control sanction, the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division [(B)(5)] of section 2929.19 of the Revised Code."
 {¶ 9} The record, in the case sub judice, reveals the following took place at Gates' original plea hearing and sentencing in May 1999: when the prosecutor set forth the terms of the plea, he stated, "the defendant would be placed on community control sanctions for a period of five years * * * and that an 18-month actual term of imprisonment would be the sentence if the defendant violates and is found guilty of violating the terms and conditions of the community control sanctions;" the court engaged in a colloquy with Gates to be certain that he understood the terms of his plea and the possible sanctions that could be imposed upon him; Gates stated that he had gone over the plea carefully and understood its implications; the trial court accepted Gates' plea, sentenced him to community control for a five year period and stated to Gates that "should he violate his community control sanctions * * * the court can sentence the defendant to the penitentiary for the stated term of 18 months, which the court has selected from the available array of possible sentences for this particular offense."
 {¶ 10} Upon Gates' first violation of community control sanctions, the trial court accepted his plea of guilty to the violation and once again placed him on community control sanctions. In doing so, however, the trial court stated, "[t]he defendant is advised that if he violates any of those community control sanctions the court is imposing, that the court may impose more restrictive sanctions, longer time under the same sanctions, or a prison term of up to 18 months." Emphasis added. As previously stated, Gates admitted a second violation of community control sanctions in September 2004, and the trial court ordered him to serve a seventeen-month term of incarceration.
 {¶ 11} In his sole assignment of error, Gates argues that he was not properly notified of the particular sentence he would receive in the event he violated community control sanctions. Gates asserts that the trial court's statement at the sentencing hearing for his first violation that he could be subject to "a prison term of up to eighteen months" did not comply with R.C. 2929.19(B)(5) and 2929.15(B) and his sentence is, therefore, void. Emphasis added.
 {¶ 12} In State v. Brooks, 103 Ohio St.3d 134, 136, 2004-Ohio-4746, the Ohio Supreme Court noted that there were two main variables to examine in evaluating compliance with the notification requirement of R.C. 2929.19(B)(5): first, when the notification was given, and second, what language the trial court used in the notification. Id. at ¶ 13.
 {¶ 13} With regard to these variables, the Brooks court held that, pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must notify the offender, at the time of the sentencing, of the specific prison term that may be imposed for a violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. To comply with the term "specific," as used in R.C. 2929.19(B)(5), the sentencing court "should not simply notify the offender that in the event of a violation he will receive `the maximum' or another indefinite term such as `up to 12 months,'" but should inform the defendant, in straightforward and affirmative language, of the fixed number of months or years the trial court can impose. Id. at ¶ 19.
 {¶ 14} The state argues that Gates' notification that he would receive an eighteen month sentence at his sentencing hearing in May 1999 satisfied both of these requirements. We agree. The trial court stated at the sentencing hearing that if Gates violated his community control sanctions, the court could sentence the defendant to the penitentiary "for the stated term of 18 months, which the court has selected from the available array of possible sentences for this particular offense." This language was straightforward and put Gates on notice that if he violated his community control sanction that he could face an eighteen month prison term.
 {¶ 15} While the failure of the trial court to reiterate that specific notice and instead notify Gates that the court could impose a prison term of "up to" eighteen months at subsequent hearings may be erroneous, we perceive no prejudice to Gates by the court's failure to do so. "The purpose behind R.C. 2929.15(B)(5) is to make the offender aware before aviolation of the specific prison term that he or she will face for a violation." See Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 33. We find that the trial court's notice herein fulfilled that purpose.
 {¶ 16} Accordingly, Gates' assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.