{¶ 7} I respectfully dissent from the majority's decision. I would remand for resentencing because the court failed to notify appellant of post-release control. An appeal is an adequate remedy at law which I propose should be explored fully now so that appellant will not face the possibility of having to seek the extraordinary remedy of habeas corpus as done recently inHernandez v. Kelly, ___ Ohio St.3d ___, 2006-Ohio-126. As the Ohio Supreme Court stated in Hernandez, "[S]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ because the petitioner has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." Id. at ___ 11.
 {¶ 8} The court noted in a related context that "`When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing.'" Id. at ___ 30, citing State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, ___ 33.
 {¶ 9} In the instant case, appellant has argued that the trial court made an error in sentencing, albeit an error not specifically related to post-release control. Clearly, the trial court committed an error in sentencing by failing to notify appellant that he would be subject to post-release control under R.C. 2967.28. Therefore, I would find plain error and remand for resentencing consistent with State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085. See State v. Lynch, Cuyahoga App. No. 86437, 2005-Ohio-3392.