OPINION
{¶ 1} Defendant-appellant Adam Wallace appeals from the February 27, 2006, Judgment Entry of the Licking County Court of Common Pleas in which the court found that appellant had violated the terms and conditions of his pre-trial diversion status and sentenced the appellant to a stated prison term of one year, with a mandatory term of post release control for five years and a sexually oriented offender designation.
 STATEMENT OF FACTS AND LAW {¶ 2} On or about April 4, 2004, appellant engaged in sexual intercourse with a fifteen year old girl at the Mound Builders Park in Heath, Licking County, Ohio. The appellant, who was twenty-eight years old at the time of the occurrence, knew that the victim was only fifteen. On May 21, 2004, the appellant was indicted on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04 (A) and (B)(3). The offense was a felony of the third degree, as there were more than ten years between the age of the victim and the age of the defendant at the time of the offense.
 {¶ 3} The appellant was arraigned on June 7, 2004, at which time he pleaded not guilty. Thereafter, the defendant filed an application for COM diversion, the Licking County pre-trial diversion program for adult offenders. On November 5, 2004, the court held a hearing on the appellant's application for admission into the COM diversion program, at which time the court granted the appellant's request.
 {¶ 4} As a prerequisite to admission into the COM diversion program, the appellant was required to plead guilty to the offense with which he was charged. Thus, the court advised the appellant of all the constitutional rights which he would forego in the event he changed his plea to guilty. Specifically, the court asked the appellant if he had received a copy of the indictment, read it and understood it; the court asked the appellant if he had discussed the charge with his attorney, if his attorney had explained it to him, if he understood it, and if he had any questions with regard to it; the court asked the appellant if he had read the court form indicating his plea change, discussed it with his attorney, and understood it; the court asked the appellant if he understood that by entering a plea of guilty he was waiving or giving up certain rights and whether his attorney had explained those rights to him; and, the court asked the appellant if he understood that by changing his plea to guilty he was giving up the right to have a trial by jury, giving up the right to require his accuser to appear before him and confront him with the evidence, giving up his right to cross examine those accusers, giving up the right to have the state prove his guilt beyond a reasonable doubt, giving up the right to require the court to subpoena witnesses to appear and testify on his behalf, and giving up the right to testify, or not testify, at his trial. The appellant indicated numerous times throughout the November 5, 2004, hearing that he understood the ramifications of changing his plea to guilty, and understood all the rights he was giving up in so doing.
 {¶ 5} Indeed, the court asked the appellant:
 {¶ 6} "Q. Are you entering this plea freely and voluntarily?
 {¶ 7} "A. Yes, sir.
 {¶ 8} "Q. Knowing what your rights are?
 {¶ 9} "A. Yes, sir.
 {¶ 10} "Q. Knowing what the penalties are?
 {¶ 11} "A. Yes, sir.
 {¶ 12} "Q. Your attorney explain the penalties to you?
 {¶ 13} "A. Yes, sir.
 {¶ 14} "Q. You understand that if you are sent to prison as a result of this offense, if you are released from prison on — well, you would be placed on postrelease [sic] control, could be for a period of five years. If you violate that postrelease [sic] control, you could be returned to prison for up to nine months; do you understand that?
 {¶ 15} "A. Yes, sir.
 {¶ 16} "Q. If the violation is a new felony, you could be returned to prison on this charge and on the new felony as well; do you understand that?
 {¶ 17} "A. Yes, sir.
 {¶ 18} "Q. I will be placing you under certain conditions. If you violate any of those conditions, you cannot be given a longer period of court control, because one year is the maximum. You can have greater restrictions placed upon you, or you will be sentenced and you could face a sentence of a specific term of five years; do you understand that?
 {¶ 19} "A. Yes, sir, I do.
 {¶ 20} "Q. And did your attorney explain that to you?
 {¶ 21} "A. Yes, sir." Transcript of November 5, 2004, Hearing on Application for COM Diversion, pp. 9-11.
 {¶ 22} In addition, the court advised the appellant as follows:
Licking County App. Case No. 2006 CA 00024 5
 {¶ 23} "Q. You also understand that if you violate the conditions I'm going to be giving you and your are convicted of this offense, not only would you face sentencing, there will be a sexual predator hearing to determine your status and your reporting status; do you understand that?
 {¶ 24} "A. I understand, sir.
 {¶ 25} "Q. Did your attorney explain that to you as well?
 {¶ 26} "A. Yes, sir.
 {¶ 27} "Q. Do you want me to accept your guilty plea?
 {¶ 28} "A. Yes, sir.
 {¶ 29} "Q. And are you pleading guilty because you are guilty as charged?
 {¶ 30} "A. Yes, sir." Transcript of November 5, 2004, Hearing on Application for COM Diversion, pp. 12-13.
 {¶ 31} The court found that the appellant's plea was given freely and voluntarily, and therefore permitted the appellant to withdraw his previously entered plea of not guilty and accepted his plea of guilty. The court found further that a factual basis had been presented, and that the defendant agreed with the facts as presented. The court did not, however, sentence the appellant, but rather, stayed the proceedings and placed the appellant into the Licking County COM Diversion Program for a period of one year. Id. at 13-14.
 {¶ 32} In addition to the recitations made at the November 5, 2004, hearing, the appellant entered into a Stipulation/Agreement with the Licking County Prosecuting Attorney. Said Stipulation/Agreement provided that the appellant be permitted to participate in the diversion program and that he be placed on diversion for a period of one year subject to the conditions set forth therein. Further, the Stipulation/Agreement provided: "It is further agreed and understood that if the defendant violates any of the terms or conditions of this Stipulation/Agreement, to satisfaction of the court, USC Diversion will be revoked and his/her case proceed to normal sentencing.
 {¶ 33} "It is further agreed and understood that the defendant shall abide by all of the following General Terms and Special Conditions and shall enter a guilty or no contest plea to the charges."
 {¶ 34} The general conditions for participation in the diversion program included: abiding by all federal state and local laws; not leaving the state of Ohio without the written permission of the Adult Court Services Department; residing at his current address, and not changing residence without the prior approval of his probation officer; reporting to the Adult Court Services Department office as instructed; not consuming, having in his possession or in his residence and/or automobile any type of alcoholic beverage; not entering into any establishment where alcohol is served; not having any contact with minor children except in the presence of another responsible adult; being financially responsible for all medical and/or psychological expenses of the victim as a result of this offense; not having in his possession or in his residence/automobile any type of obscene material; and, not having any contact with the victim in this case. Appellant initialed all of the aforedescribed conditions of his diversion, and, further, signed and dated the agreement on November 5, 2004.
 {¶ 35} On October 6, 2005, the appellant's probation officer filed an application with the court in which he attested to the fact that the appellant had violated the terms of his diversion program insofar as he had failed to report to the Adult Court Services Department as required, and his current whereabouts were unknown. The trial court issued a warrant for the appellant's arrest, and he was arrested on or about January 28, 2006. On February 5, 2006, the State filed a motion in which it alleged that on or about September 1, 2005, the appellant stopped reporting to the Adult Court Services Department and his whereabouts became unknown in violation of his COM Diversion Stipulation/Agreement.
 {¶ 36} On February 1, 2006, a First Stage Revocation Bond Hearing was conducted before the trial court, at which time the court determined that probable cause existed with regard to appellant's violation of his diversion conditions, and bond was set. On February 27, 2006, a Second Stage Revocation of COM Diversion Status Hearing was conducted, at which time the trial court revoked the appellant's diversion status, entered the conviction in appellant's case based upon his previously entered plea of guilty, and sentenced the appellant to one year in prison. The court memorialized the results of the hearing in a judgment entry filed on February 27, 2006. The appellant appeals, setting forth one assignment of error:
 {¶ 37} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT OVER THE OBJECTION OF THE ACCUSED WHEN THE SAME WAS NOT PROVIDED FOR AT THE TIME OF ORIGINAL SANCTIONING HEARING. [TR. V. I, P. 11; V. III, P. 8-10.]"
 {¶ 38} The appellant argues that the trial court committed harmful error when it sentenced him following his violation of the terms and conditions of his COM Diversion without advising him of the potential sentence at the time diversion was granted. We disagree.
 {¶ 39} R.C. 2935.36 provides for pre-trial diversion programs for adult offenders, and states in pertinent part: "(A) The prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again. The prosecuting attorney may require, as a condition of an accused's participation in the program, the accused to pay a reasonable fee for supervision services that include, but are not limited to, monitoring and drug testing. The programs shall be operated pursuant to written standards approved by journal entry by the presiding judge or, in courts with only one judge, the judge of the court of common pleas . . . (B) An accused who enters a diversion program shall do all of the following:
(1) Waive, in writing and contingent upon the accused's successful completion of the program, the accused's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the accused, and arraignment, unless the hearing, indictment, or arraignment has already occurred;
(2) Agree, in writing, to the tolling while in the program of all periods of limitation established by statutes or rules of court, that are applicable to the offense with which the accused is charged and to the conditions of the diversion program established by the prosecuting attorney;
(3) Agree, in writing, to pay any reasonable fee for supervision services established by the prosecuting attorney . . .
(D) . . . If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation. . . ."
 {¶ 40} R.C. 2935.36 contemplates that diversion programs take place at the pre-trial stage. The statute does not provide for the requirement that the offender plead guilty in order to participate in the diversion program. However, the statute provides for prosecuting attorney discretion with regard to the establishment of the terms and conditions of such a diversion program. The statute provides that an accused who has violated the terms and conditions of his diversion agreement may be brought to trial upon the charges. The fact that the Licking County Court of Common Pleas COM Diversion Program requires an offender to plead guilty to the charge does not, in it of itself, violate the pre-trial diversion statute.
 {¶ 41} The Ohio Supreme Court, in the case of State v. Brooks, 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746, interpreted the requirements of Ohio's sentencing statute with respect to the imposition of a prison term for a violation of community control: "A trial court sentencing an offender to a community control sanction must, at the timeof the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." (Underlining added.) Id. at paragraph 2 at the syllabus.
 {¶ 42} In the case sub judice, the appellant was placed in a diversion program. Although the terms of the diversion program required the appellant to plead guilty or no contest to the offense with which he was charged, the trial court stayed the proceedings and did not sentence appellant. As such, the appellant did not need to be advised as to the specific sentence that might be imposed in the event he violated the terms of his diversion status.
 {¶ 43} Accordingly, the judgment of the trial court is affirmed.
Edwards, J., Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.