[Cite as *State v. Nethers*, 2014-Ohio-1579.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                :     JUDGES:
                                      :
                                      :     Hon. William B. Hoffman, P.J.
    Plaintiff-Appellee          :     Hon. Sheila G. Farmer, J.
                                      :     Hon. Patricia A. Delaney, J.
-vs-                                  :
                                      :     Case No. 13-CA-67
                                      :
WILLIAM J. NETHERS         :
                                      :
                                      :
    Defendant-Appellant       :     O P I N I O N

CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                              Common Pleas, Case No. 12 CR 00213

JUDGMENT:                         AFFIRMED

DATE OF JUDGMENT ENTRY:           April 7, 2014

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

KENNETH W. OSWALT                WILLIAM T. CRAMER
LICKING CO. PROSECUTOR           470 Olde Worthington Road, Ste. 200
JUSTIN T. RADIC                      Westerville, OH 43082
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant William J. Nethers appeals from the July 2, 2013 judgment entry of the Licking County Court of Common Pleas revoking his community control sanction and imposing a term of six months. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose when appellant accepted $5,952 from a victim to install a furnace and air conditioning unit and then failed to do any of the work. Appellant was charged with one count of theft pursuant to R.C. 2913.02(A)(1) and/or (A)(2), a felony of the fifth degree. On October 30, 2012, appellant appeared before the trial court and changed his plea to guilty, was found guilty, and sentenced to a term of one year of community control. Appellant was given 30 days to pay the balance of the restitution; if he failed to pay the restitution, the trial court would impose a prison term of six months.

{¶3} On May 15, 2013, appellant was back before the trial court on the first stage of a motion to revoke community control. The probation department alleged appellant failed to report to probation after sentencing and the trial court found probable cause existed.

{¶4} At the second-stage hearing on July 21, 2013, appellant argued the only terms and conditions of his probation were those related to him by the trial court during sentencing, to wit, payment of the balance of restitution.

{¶5} Appellee called one witness, appellant's supervising probation officer, who testified appellant received a copy of the terms and conditions of his probation and signed same on the day he was sentenced, October 30, 2012. He was ordered to pay restitution in addition to standard court costs, supervision fees, and attorney fees. He

was also given an appointment card stating the date and time of his next appointment with the probation department. Appellant signed the terms and conditions acknowledging receipt.

{¶6} Appellant never showed up for any probation appointments after the date of sentencing. He did pay the balance of restitution. He made two $25 payments toward court costs in October and November, but made no subsequent payments. The probation department deemed appellant to be in violation for failure to appear for appointments and failure to pay costs.

{¶7} On cross examination, the probation officer stated she would not have told appellant his probation period would be extinguished by payment of restitution because the probation period, by its terms, lasted for one year.

{¶8} The trial court found appellant to be in violation of the terms of his community control sanction and therefore revoked community control and imposed a term of six months which appellant was permitted to serve in the county jail.

{¶9} Appellant now appeals from the judgment entry of revocation and imposition of sentence.

{¶10} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶11} "I. THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.19(B)(5) BY IMPOSING A PRISON TERM FOR VIOLATING COMMUNITY CONTROL CONDITIONS ON REPORTING AND PAYMENT OF COSTS AND FEES AFTER THE TRIAL COURT ADVISED APPELLANT AT SENTENCING THAT HE

WOULD BE SUBJECT TO A PERIOD OF INCARCERATION ONLY IF HE FAILED TO PAY RESTITUTION WITHIN 30 DAYS."

**ANALYSIS**

{¶12} Appellant argues the trial court erred in revoking his community control sanction because his community control was premised solely upon payment of the balance of restitution, not upon compliance with any other terms and conditions of probation.

{¶13} R.C. 2929.19(B)(4) states:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, **if the conditions of the sanction are violated**, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code. (Emphasis added.)

{¶14} Appellant argues the trial court erred, not in failing to advise appellant of the specific term that might be imposed, but in failing to advise him of the terms and conditions with which he must comply. Appellant contends the trial court stated he was only required to pay the balance of restitution, and for the trial court to revoke community control and impose a prison term for violations of any other terms or conditions violates the Ohio Supreme Court's holding in *State v. Brooks*, 103 Ohio St.3d 134, 136, 2004-Ohio-4746, 814 N.E.2d 837*.* We disagree.

{¶15} In *Brooks*, supra, the Ohio Supreme Court held, pursuant to R.C. 2929.19(B)(5) [now R.C. 2929.19(B)(4)], supra, a trial court sentencing an offender to a community control sanction must notify the offender, at the time of the sentencing, of the specific prison term that may be imposed for a violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation. 2004-Ohio-4746 at ¶ 13. To comply with the term "specific" the sentencing court "should not simply notify the offender that in the event of a violation he will receive 'the maximum' or another indefinite term such as 'up to 12 months," 'but should inform the defendant, in straightforward and affirmative language, of the fixed number of months or years the trial court can impose. Id. at ¶ 19.

{¶16} In the instant case, we find the trial court complied with R.C. 2929.19(B)(4) and advised appellant he was subject to a one-year period of community control subject to following through with the terms and conditions of probation; otherwise he was subject to a prison term of 6 months. Appellant met with the probation officer, signed and acknowledged the terms and conditions of probation, and made two payments

toward court costs before he stopped paying, belying his argument he was unaware of any terms and conditions beyond restitution.

{¶17} We find the trial court complied with R.C. 2929.14(B)(4) and are unwilling to extend the holding of *Brooks* to imply the trial court must, at sentencing, advise the appellant of each and every term and condition of probation when that is the role of court services personnel. Nothing in *Brooks* or R.C. 2929.14(B)(4) requires such a finding, particularly when the evidence establishes appellant signed and acknowledged the terms and conditions of his community control sanction.

{¶18} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶19} The sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.