OPINION
{¶ 1} Donald E. Angel, II appeals the March 9, 2006 Judgment Entry entered by the Richland County Court of Common Pleas, which found him guilty of community control violations and reimposed his original sentence of twelve months. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 7, 2002, the Richland County Grand Jury indicted appellant on one count of assault of a peace officer, in violation of R.C. 2903.13(A), a felony of the fourth degree. Appellant appeared before the trial court and entered an admission of guilt. The trial court filed an Admission of Guilt/Judgment Entry on September 12, 2002. The trial court ordered a pre-sentence investigation and scheduled the sentencing hearing for October 28, 2002. Via Sentencing Entry filed October 30, 2002, the trial court sentenced appellant to a term of imprisonment of twelve months.
 {¶ 3} On November 27, 2002, the trial court conducted a hearing and granted appellant judicial release pursuant to R.C. 2929.20, placing him on community control for a period of four years. The trial court memorialized this disposition via Judicial Release Order filed December 2, 2002.
 {¶ 4} After a hearing on March 8, 2006, the trial court found appellant guilty of violating the conditions of his supervision. The trial court re-imposed appellant's original twelve month sentence. The trial court issued a Community Control Violation Journal Entry on March 9, 2006.
 {¶ 5} It is from this entry appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN IMPOSING A PERIOD OF INCARCERATION WITH THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS PURSUANT TO THE MARCH 9, 2006 COMMUNITY CONTROL VIOLATION JOURNAL ENTRY."
 I {¶ 7} In his sole assignment of error, appellant contends the trial court erred in reimposing his original sentence based upon violations of his community control. Specifically, appellant maintains the trial court did not have the authority to reimpose the sentence as the December 2, 2002 Judicial Release Order and Community Control Sanctions Entry was silent as to any potential period of incarceration.
 {¶ 8} R.C. 2929.19(B)(5) provides: "If the sentencing court determinesat the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added).
 {¶ 9} R.C. 2929.20, which allows a trial court to reduce a sentence through judicial release, provides, in pertinent part:
 {¶ 10} "(I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the community control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. If the court made any findings pursuant to division (H)(1) of this section, the court shall serve a copy of the findings upon counsel for the parties within fifteen days after the date on which the court grants the motion for judicial release."
 {¶ 11} In State v. Brooks, 103 Ohio St. 3d 134, 2004-Ohio-4746, the Ohio Supreme Court held, "Compliance with R.C.2929.19(B)(5) must come at the sentencing hearing" and "notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5). Id. at 138. Furthermore, "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id. at para. 2 of syllabus. Appellant asks this Court to expand the holding of Brooks, supra, to require a trial court to specifically state in a judicial release order the period of incarceration that could be re-imposed upon a violation of the offender's community control sanctions.
 {¶ 12} We find the instant action to be factually distinguishable fromBrooks. The omission by the trial court in Brooks occurred at the original sentencing hearing, which implicates the application of R.C.2929.19(B)(5). Herein, the trial court placed appellant on judicial release, which implicates the application of R.C. 2929.20(I). That statute does not contain a notification requirement comparable to R.C.2929.19(B)(5) but rather specifically provides for reimposition of the sentence reduced by judicial release.
 {¶ 13} Accordingly, we find the trial court did not error in re-imposing appellant's original sentence after appellant violated the terms of his judicial release.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, P.J. Edwards, J. and Boggins, J. concur
 JUDGEMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.