OPINION
{¶ 1} Appellant, Russell D. Balch, appeals from the April 25, 2006 judgment entry of the Portage County Court of Common Pleas, granting the motion to modify sanctions and sentencing him to thirty months in prison for driving under the influence of alcohol ("DUI").
 {¶ 2} On December 11, 2003, appellant was indicted by the Portage County Grand Jury on one count of DUI, a felony of the fourth degree, in violation of *Page 2 
R.C. 4511.19(A)(1), with specifications. Appellant entered a not guilty plea at his arraignment on December 16, 2003.
 {¶ 3} The matter was set for trial. However, on January 7, 2004, appellant and appellee, the state of Ohio, entered into negotiations. Appellant withdrew his former not guilty plea, and entered a written and oral plea of guilty to the DUI charge. Pursuant to its January 7, 2004 judgment entry, the trial court sentenced appellant to six months in jail, and placed him on community control for five years. The trial court issued a nunc pro tunc judgment entry on August 25, 2004, indicating that appellant was to receive sixty-two days of credit for time already served.
 {¶ 4} On February 24, 2006, the trial court scheduled a hearing on a motion to revoke for March 20, 2006.[1] A capias was issued on March 23, 2006, due to the fact that appellant failed to appear for the scheduled hearing. On April 10, 2006, appellant filed a notice of availability.
 {¶ 5} Appellant was present for the hearing on the motion to revoke held on April 21, 2006.
 {¶ 6} Pursuant to its April 25, 2006 judgment entry, the trial court granted the motion to modify sanctions and sentenced appellant to thirty months in jail. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 7} "The trial court erred when it sentenced appellant to a term of imprisonment for a violation of a community control sanction when the trial court previously failed to inform [appellant] of the potential sanctions or a specific prison term *Page 3 
that may be imposed as a result of such violation."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erred by sentencing him to a term of imprisonment for a violation of a community control sanction, when it previously failed to inform him of the potential sanctions or a specific prison term that may have been imposed as a result of such a violation. He presents two issues, which are interrelated and will be addressed together for ease of discussion. In his first issue, appellant asserts that the trial court erred in sentencing him to the thirty month maximum for his community control violation when the sentencing court had failed to notify him of a specific prison term pursuant to R.C. 2929.19(B)(5). In his second issue, appellant alleges that the trial court cannot impose any additional sanctions for a community control violation, where the original sentence under R.C. 2929.15(B) failed to inform him of the potential sanctions for a violation of community control.
 {¶ 9} We note that appellant filed his appellate brief on September 12, 2006. Appellee did not file a brief with this court. However, on September 25, 2006, appellee filed a "Motion to Sustain Appellant's Assignment of Error and Reverse Sentence of the Trial Court." In its motion, appellee conceded that the trial court failed to state an original prison term beyond six months in jail and failed to provide the post release control advisement. Accordingly, appellee indicated that the trial court's April 25, 2006 judgment entry, sentencing appellant to a definite period of thirty months, was error. Appellee recommended that this court sustain appellant's assignment of error and reverse the sentence of the trial court. *Page 4 
 {¶ 10} Pursuant to this court's October 26, 2006 judgment entry, appellee's motion was overruled. This court stated that we would base our determination regarding this appeal upon an inspection of the record as well as the brief of appellant.
 {¶ 11} After considering appellant's brief and reviewing the record, we agree with both appellant and appellee to reverse the judgment of the trial court and remand this matter for further proceedings.
 {¶ 12} R.C. 2929.19(B)(5) provides: "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 13} R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court that are mentioned in R.C. 2929.19(B)(5) and further provides that if an offender violates the conditions and the court chooses to impose a prison term under R.C. 2929.14, the prison term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing. * * *" *Page 5 
 {¶ 14} The Supreme Court of Ohio in State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, paragraph two of the syllabus, stated: "[p]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." The court also held that "notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5)." Id. at ¶ 18.
 {¶ 15} In the instant matter, appellant's sentence of thirty months imprisonment was in violation of R.C. 2929.15(B). Also, he was not informed of a specific term of imprisonment for failure to abide by the conditions of community control pursuant to R.C. 2929.19(B)(5). Because the original January 7, 2004 judgment entry failed to comply with the requirement for imposing a prison term following a violation of community control, the subsequent imposition of a prison term on April 25, 2006, was in error.
 {¶ 16} Appellant's first and second issues are with merit.
 {¶ 17} For the foregoing reasons, appellant's sole assignment of error is well- *Page 6 
taken. The judgment of the Portage County Court of Common Pleas is reversed.
WILLIAM M. O'NEILL, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.
[1] There is no motion to revoke filed in the record before us.