[Cite as *State v. Theile*, 2012-Ohio-3837.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

      Plaintiff-Appellee              :          C.A. CASE NO. CA 24898

vs.                                           :          T.C. CASE NO. 04-CR-780

TRAVIS THEILE                      :          (CRIMINAL APPEAL FROM
                                        COMMON PLEAS COURT)

      Defendant-Appellant          :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 24th day of August, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Prosecuting Attorney, Michele D. Phipps, Assistant Prosecuting Attorney, Atty. Reg. No. 0069829, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorneys for Plaintiff-Appellee

Adrian King, Atty. Reg. No. 0081882, 36 North Detroit Street, Suite 104, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   Defendant, Travis Theile, appeals from two consecutive six-month sentences imposed for violation of his community control sanctions

{¶ 2}   In 2004, Theile entered guilty pleas to five counts of failure to support dependents.  R.C. 2919.21(B).  The court sentenced Defendant to a term of five years of community control.   At that time, the court notified Defendant:

You must understand that if you violate any condition of the community control, the Court can impose a longer time on community control or a harsher penalty which, since you have not been to prison before and given the other facts contained in the report, would be six months concurrent on each one of the two cases.

(Tr. 10).

**{¶ 3}** The court's judgment entry of conviction (Dkt. 14) states:

"If you violate any condition of this sanction, or if you violate any law, the court can impose a longer time under the same sanction, impose a more restricted sanction, or a prison term of 6 months CRC to be served consecutively or concurrently."

**{¶ 4}** In 2011, the court revoked Defendant's community control for violations that occurred during his five-year term. The court sentenced Theile to six-month sentences on each count of non-support of dependents, to be served consecutively, for an aggregate term of one year. Theile filed a timely notice of appeal.

**{¶ 5}** Assignment of Error:

THE COURT ERRED IN SENTENCING MR. THEILE TO SERVE A ONE-YEAR PRISON TERM (CONSECUTIVE SIX-MONTH SENTENCES) FOLLOWING A VIOLATION OF APPELLANT'S COMMUNITY CONTROL WHEN THE COURT HAD PROVIDED NOTICE THAT A VIOLATION WOULD RESULT IN A SIX-MONTH PRISON TERM (CONCURRENT SIX-MONTH SENTENCES).

**{¶ 6}** When the court imposes community control sanctions at the sentencing hearing, the court must notify the defendant that for a violation of a sanction or sanctions the court "may impose a prison term on the offender and shall indicate the specific prison term

that may be imposed as a sanction for the violation."   R.C. 2929.19(B)(5). If a prison term for a violation of community control sanctions is later imposed, the term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing."   R.C. 2929.15(B)(2).   The effect of that provision is to "set a ceiling on the potential prison term, leaving the court with the discretion to impose a lesser term than the offender was notified of when a lesser term is appropriate."   *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 23.

{¶ 7}   The State argues that Theile's egregious behavior merits a sentence longer than the concurrent six-month sentences of which he was notified.   It appears that the trial court was so persuaded.   We cannot disagree with the merits of that proposition.   Nevertheless, the court lacked discretion to impose any prison term longer than the two six-month concurrent terms of which Defendant was notified at the sentencing hearing.   R.C. 2929.15(B)(2).

{¶ 8}   The two consecutive six-month sentences the court imposed exceeded the concurrent six-month term of which Defendant was notified.   The sentences are therefore clearly and convincingly contrary to law and must be reversed.   *State v. Kalish,* 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 9}   As a final matter, while the 2004 judgment entry of conviction authorized either consecutive or concurrent six-month terms, that variance would not allow the court to later impose consecutive terms instead of the concurrent terms of which Defendant was notified at the sentencing hearing.   The concurrent terms the judgment entry authorizes is consistent with the notice defendant was given.   Being inconsistent with that notice, the potential consecutive terms set out in the judgment entry can have no force or effect.

{¶ 10} Pursuant to the authority conferred on us by Article IV, Section 3(B)(2) of the

Ohio Constitution, we modify Defendant's six-month sentences to concurrent rather than consecutive sentences. As modified, the judgment of the trial court will be affirmed. The case is remanded to the trial court for the limited purpose of forthwith notifying authorities responsible for Defendant's incarceration of the ordered modification of his sentences.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Adrian King, Esq.
Michele D. Phipps, Esq.
Hon. Connie S. Price