[Cite as *State v. Esper*, 2014-Ohio-824.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99907

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOUGLAS ESPER

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED
### FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-510153-A

**BEFORE:** Stewart, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Adam M. Chaloupka
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} In 2008, defendant-appellant Douglas Esper pleaded guilty to a single count of third-degree burglary. The parties conditioned the plea upon the court ordering five years of community control. The court agreed to the terms of the plea bargain and advised Esper that if he violated community control, he would be subject to "at least a two year sentence." Esper later violated community control and a new judge sentenced him to three years in prison. Esper complains that the court could not give him a three-year sentence when it told him at sentencing that a violation of community control would result in a two-year sentence.

{¶2} The state concedes error on authority of paragraph two of the syllabus to *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. That paragraph states:

> Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the *specific prison term* that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

(Emphasis added.)

{¶3} The court informed Esper that a violation of community control would result in a prison term of "at least two years." If the court believed that the words "at least" gave it leeway to impose a higher term, it was wrong. *Brooks* held that strict compliance with R.C. 2929.19(B)(5) requires the trial court to "in straightforward and affirmative

language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as 'twelve months' incarceration,' if the conditions are violated." The court was thus bound to sentence Esper to the specific term stated at the time it accepted Esper's guilty plea — two years in prison. We sustain the assignment of error and remand for resentencing.

{¶4} This cause is reversed and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR