[Cite as *State v. Bond*, 2016-Ohio-1471.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103814**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARNELL BOND**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596915-A

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 7, 2016

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square, Suite 2100
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Glen Ramdhan
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Darnell Bond appeals from his sentence, claiming the trial court failed to accurately notify him of the specific length of the community control sanction imposed, failed to satisfy the requirements of R.C. 2929.19(B)(4), and issued a flawed journal entry. The state has conceded error. Upon review, we reverse and remand the matter for resentencing and correction of the journal entry.

{¶2} The instant appeal is taken from Cuyahoga C.P. No. CR-596915-A. Appellant was indicted on three counts. He pled guilty to one count of escape in violation of R.C. 2921.34(A)(3), and an amended count of attempted menacing by stalking in violation of R.C. 2923.02 and 2903.211(A)(1). The remaining count of the indictment was nolled. The escape charge related to appellant's failure to comply with the conditions of his community control sanctions imposed in Cuyahoga C.P. No. CR-587375-A. The matter proceeded to a hearing for the sentencing in CR-596915 and the violation of community control sanctions in CR-587375.

{¶3} In sentencing appellant in CR-596915, the trial court placed appellant on probation and ordered him to serve 180 days in county jail with credit for time served, but stated the court would "keep the case on probation open." The court reserved the right to place appellant in prison for "up to 12 months" for a probation violation.

{¶4} For appellant's violation of community control sanctions in CR-587375, the court ordered appellant to serve six months in a community-based correctional facility and extended the period of his community control sanctions, which had been due to expire on December 31, 2016, until December 31, 2018. The court warned appellant that if he violated probation in that case, he could be placed in prison.

**{¶5}** Thereafter, the court provided conflicting statements regarding the length of the community control sanction imposed in CR-596915. The court indicated that the probation term in CR-596915 would be ending December 30, 2015. However, the court then indicated: "Same for both. And the maximum would have been 12/30/19, so he'll be on probation for a total of four years while he's in the county jail, and while he's in CBCF, that counts toward his probation obligation."

**{¶6}** The resulting journal entry in CR-596915 states in relevant part:

> [Defendant] is sentenced to the Cuyahoga County Jail for a term of 180 day(s). Defendant ordered to serve 180 days in county jail for Counts 1 & 2, followed by CBCF as ordered in CR 587375. Counts 1 and 2 concurrent; community control sanctions until 12/31/2015, to match CR 587375. * * * Violations of conditions may result in prison term of 12 months.

The parties concede that the journal entry for CR-587375 reflects that appellant's community control sanctions were extended to December 30, 2018.

**{¶7}** Appellant claims the trial court failed to accurately inform appellant that he would be subject to community control sanctions until December 31, 2018, and failed to place in the sentencing journal entry an accurate statement of the length of time that appellant was subject to community control sanctions. The state concedes that the conflicting statements were confusing regarding the length of the community control sanction imposed.

**{¶8}** Also, a trial court is required to notify the defendant of the specific prison term that may be imposed as a sanction for a violation of a community control sanction in order to comply with R.C. 2929.19(B)(4). *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 19 (interpreting former analogous R.C. 2929.19(B)(5)).

**{¶9}** R.C. 2929.19(B)(4) provides as follows:

*If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed* and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. *The court shall notify the offender that, if the conditions of the sanction are violated*, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, *the court may impose a longer time under the same sanction*, may impose a more restrictive sanction, or may impose a prison term on the offender and *shall indicate the specific prison term that may be imposed as a sanction for the violation*, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

(Emphasis added.)   The trial court did not comply with the statute in this case.

**{¶10}** Upon our review, we sustain the sole assignment of error.   The case is remanded to the trial court for resentencing.   The trial court shall advise appellant of the proper length of community control, notify him of the specific prison term that may be imposed if the conditions are violated, and correct the journal entry.

**{¶11}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.   The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR